THE MARY SANFORD.

MITCHELL v. THE MARY SANFORD.

(District Court, E. D. South Carolina. November 25, 1893.)

SEAMEN—IMPLIED WARRANTY OF FITNESS—DISABILITY—WAGES.

There is an implied warranty that a seaman is bodily fit for the station for which he contracts, and if at the time of engaging he has a disease, though unknown to himself, progressive and fatal in character, which disables him for service during the whole voyage, he is not entitled to wages.

In Admiralty. Libel by William Mitchell against the schooner Mary Sanford to recover wages. Dismissed.

F. J. Devereux, for libelant.
J. N. Nathans, for respondent.

SIMONTON, District Judge. The libel is filed by the cook of the Mary Sanford for his wages. He shipped at Boston 3d August, 1893, for a voyage from Boston to Charleston, S. C., thence to Kingston, Jamaica, and such other ports and places in any part of the world as the master may direct, and back to a final port of discharge in the United States, for a term of time not exceeding six calendar months; wages, $40 per month. After the voyage began, Mitchell for a day or two attended to his duties, but thenceforward did no work at all until the schooner reached Charleston. On arriving at that port, the master got him in the Marine Hospital, where he still is. He suffered from intense pain in his chest and side, nausea, and a pain in his bones. The surgeon of the Marine Hospital examined him on his admission. He is of the opinion that at that time, and for some time previous, he was suffering from tuberculosis, and in his opinion he still suffers from the same complaint. This disease, in the opinion of this medical expert, incapacitated Mitchell for work, and still incapacitates him. The question is, is he entitled to his wages? His claim is for the wages $240, the whole voyage. The rule, without doubt, is that, if a sailor is prevented without his default from performing full services, still he is entitled to the stipulated hire for the whole period for which he contracted to serve. The Harriet C. Kerlain, and cases quoted, 41 Fed. 223. But when a seaman enters into his contract of service, there is always implied as a warranty that he is fit, bodily and mentally, for the station for which he contracts. Curt. Merch. Seam. 29; The Richmond, Pet. Adm. 263. Indeed the liberality of the rule as to wages requires strictness in enforcing this warranty. The libelant says that he had been sick, from time to time,

before this engagement, but never seriously sick. On the other hand, it is evident that when he engaged his service he had, unknown perhaps to himself, a disease, progressive and fatal in its character. It not only disabled him from service during the whole voyage, it also kept him in hospital during the whole stay of the schooner in this port,—four weeks. Indeed he is still in hospital, not cured of this disease. It seems clear that there is a breach of warranty in this case, and the libel is dismissed.