REILLY v. CAMPBELL et al.

(Circuit Court of Appeals, Second Circuit. February 27, 1894.)

No. 66.

MASTER AND SERVANT—NEGLIGENCE—DEFECTIVE APPLIANCES—EVIDENCE.

Plaintiff sued for injuries suffered by him, while in defendant's employ, through the breaking of the handle of a ladle in which he and another were carrying molten metal. The ladle had been used for the same purpose for 15 years, but there was no evidence as to its condition at the time of the accident. *Held*, that it was proper to direct a verdict for defendant, in the absence of any showing that there was in the ladle an obvious defect, or one which defendant would have discovered by the exercise of due care.

In Error to the Circuit Court of the United States for the Southern District of New York.

Action by Frank Reilly against Andrew J. Campbell and William H. Van Tassel. The trial court directed a verdict for defendants, and plaintiff brings error. Judgment affirmed.

L. E. Chittenden and John C. Robinson, for plaintiff in error.
Hamilton Wallis, for defendants in error.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. The action was for personal injuries received by the plaintiff through the alleged negligence of the defendants. It appeared upon the trial that the plaintiff, while working as a laborer for the defendants, who were iron molders, was severely injured by reason of the breaking of the handle of a ladle containing molten iron which, in the course of his duties, he was assisting to carry from one part of the defendants' premises to another. The only evidence as to the circumstances of the accident was that, while the plaintiff and two other men were carrying the ladle in the customary way, one of the handles suddenly broke, and the molten metal was spilled upon the plaintiff. No evidence was offered in respect to the condition of the ladle at the time of, or previous to, the accident, except proof that the ladle

was made of sheet iron, lined with fire clay, had handles made of wrought iron fastened to a wrought iron band which passed around it, and had been in use 15 years. No evidence was offered for the purpose of showing that the appliance was defective or unsafe. The case for the plaintiff was rested upon the theory that negligence was to be presumed against the defendants from the circumstances of the accident. The trial judge ruled that there was no evidence of negligence, and accordingly directed a verdict for the defendants.

If an employer is liable to an employe, hurt in the course of his duties, whenever it appears that the injury was caused by a defective appliance provided by the employer for the duty, the ruling at the trial was erroneous. The breaking of the ladle while it was being used in the customary way, and for the purpose for which it was provided, could only be accounted for upon the inference that it was infirm. Having been used for many years in the same way, presumably it was originally sufficient. Whether it had become impaired by age and wear and tear, or by some other cause, was, upon the evidence, merely matter of conjecture, and is an immaterial consideration if the only question were whether it was defective at the time. But an employer does not undertake as an insurer with his employes for the safety of his appliances. His obligation towards them is to exercise reasonable and proper care and diligence in that behalf. Hard v. Railroad Co., 32 Vt. 478; Railroad Co. v. Barber, 5 Ohio St. 541; Railroad Co. v. Webb, 12 Ohio St. 475; Railroad Co. v. Love, 10 Ind. 554; Warner v. Railroad Co., 39 N. Y. 468; Flynn v. Beebe, 98 Mass. 575; Armour v. Hahn, 111 U. S. 313, 4 Sup. Ct. 433. In the absence of any evidence sufficient to authorize the jury to find that the defendants had omitted to exercise reasonable care and diligence in permitting the ladle to be used by which the plaintiff was injured, the plaintiff was not entitled to recover, and it was the duty of the trial judge to direct a verdict accordingly. For all that appeared, it was in apparently suitable condition until the moment when it gave out. In The France, (recently decided in this court,) 59 Fed. 479, we had occasion to consider a case quite similar in its legal aspects to the present. In the opinion we said:

"The presumption of negligence is often raised by the circumstances of an accident; and it may be a legitimate presumption that an appliance which gives out while it is being used for its proper purpose in a careful manner is defective or unfit. How far that presumption may go in an action by an employe against an employer, to shift the burden of proof from the former to the latter, must depend upon the circumstances of the particular case. The mere fact that the appliance is shown to have been defective is not enough to do so; it must appear that the defect was an obvious one, or such as to be discoverable by the exercise of reasonable care."

These observations are applicable to the present case. As it did not appear upon the trial that the defect was an obvious one, or discoverable by the exercise of ordinary care, we conclude there was no error in the ruling complained of, and the judgment should be affirmed.