## THE VALDARNO.

### LLOYD MEDITERRANEO SOCIETA ITALIANO DI NAVIGAZIONE, OF GENOA, ITALY, v. VASS et al.

(Circuit Court of Appeals, Fifth Circuit. January 13, 1926.)

No. 4642.

1. Seamen ⚖➡29(5)—Evidence held to show injuries to night watchman on steamship were due to defective condition of supports for hatch covering.

Evidence *held* to show that injuries to night watchman on steamship were due to defective condition of supports for hatch covering and not to negligence of stevedores in placing covering.

**2. Seamen ⟊⇒29(2)—Ship and owner owe night watchman duty to use proper diligence to provide safe place for him to work.**

Ship and owner owe night watchman duty to use proper diligence to provide safe place for him to do his work, and are liable for injuries resulting from failure to supply and keep in order proper appliances appurtenant to the ship.

Appeal from the District Court of the United States for the Southern District of Alabama; Robert T. Ervin, Judge.

Libel by W. Henry A. Vass and others against the steamship Valdarno; the Lloyd Mediterraneo Societa Italiano Di Navigazione, of Genoa, Italy, claimant. Decree for libelants, and respondent appeals. Affirmed.

Harry H. Smith, of Mobile, Ala. (Smiths, Young, Leigh & Johnston, of Mobile, Ala., on the brief), for appellant.

Robert Eugene Gordon, D. H. Edington, and David B. Goode, all of Mobile, Ala. (Gordon & Edington, of Mobile, Ala., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree in favor of the appellee Vass (herein called the libelant), against the steamship Valdarno and its surety, awarding damages for personal injuries sustained by the libelant while he was serving as a night watchman on the Valdarno. The libelant was injured by falling into the vessel's hold through one of its hatches. The libel charged that that hatch was not safely protected, and was so unsafe that, when libelant stepped upon it, it gave way, and he fell into the hold. The injuries were attributed to the failure of the vessel's duly authorized officers or agents to provide libelant a safe place to work and to supply and keep in order proper appliances appurtenant to the ship so it would be safe for its employees to perform their duties thereon.

[1] The evidence showed the following: On October 17, 1924, the Valdarno was lying beside a dock at Mobile, and was being loaded with lumber by crews of stevedores. About 11 o'clock that night the crew of stevedores engaged in loading hatch No. 2 stopped for the night, covered that hatchway, and left. Some time later, while another crew of stevedores was still engaged in loading lumber into hatch No. 1, libelant, while on the vessel's starboard side, saw a negro, who was in the habit of hanging around vessels for the purpose of stealing, come over the port side of the vessel on the opposite side of No. 2 hatch from where libelant then was. Thereupon libelant started in the direction of the negro. When he stepped on part of the hatch covering it gave way, and he fell into the hold, and was seriously injured. There was no evidence having any tendency to prove that anything happened to the hatch covering between the time it was put on by the stevedores, as above stated, and the time part of it gave way under the libelant. The evidence showed that the hatch covering was unsafe when used as a passageway by the libelant, and indicated that its lack of safety was due, in whole or in part, either to the appliances supplied and used for covering it being defective, or to those appliances being improperly used to effect the covering. The vessel's first officer and its second engineer were present and looking on when the stevedores covered hatch No. 2. Their testimony and other testimony on the subject was to the effect that the covering was properly done. We do not think that the evidence warranted a finding that the stevedores were negligent in the way they performed that task. We think the evidence was such as to call for the conclusion that the danger which resulted in libelant's injury was due to the defective condition of the means supplied and used for covering the hatch. Those appliances consisted of sections made of heavy planks or boards, placed end to end on supports, one end of each section resting on a flange between 2 and 3 inches wide and inside and below the top of the coping of the hatch, that flange not extending to the corner of the hatch, with the result that part of one end of the corner section of the cover was unsupported. It was disclosed that it was such corner section which gave way when libelant stepped on it. The evidence, including photographs of the hatch with its covering on it, showed that there were spaces between the ends of sections of the hatch covers sufficient to permit a play or movement of a section, and that several of those sections were defective by reason of one or both of the ends and some of one of the sides being worn or partly broken off. It well may be inferred that libelant's fall was due to a section of the cover having enough play or space for movement that, when it was stepped on, it was displaced, pushed beyond the edge of the flange on which it rested, and tilted into the hold, causing libelant to fall. It fairly appears from the evidence of the circumstances attending the casualty that, by reason of the lack of suitable means of keeping it in

place, the section of the hatch cover which fell in was so insecure and unsafe for a purpose for which it might reasonably be expected to be used that when it was so used it moved from its support and gave way, whereby the injury complained of was caused.

[2] The ship and its owner were chargeable with a duty to the libelant to use proper diligence to provide a safe place for him to do his work, and were liable to indemnify him for injuries received in consequence of a failure to supply and keep in order proper appliances appurtenant to the ship, the lack of which rendered unsafe the libelant's place of work. The Osceola, 23 S. Ct. 483, 189 U. S. 158, 175, 47 L. Ed. 760; Atlantic Transport Co. v. Imbrovek, 34 S. Ct. 733, 234 U. S. 52, 58 L. Ed. 1208, 51 L. R. A. (N. S.) 1157; Grays Harbor Stevedore Co. v. Fountain (C. C. A.) 5 F.(2d) 385. We are of opinion that the evidence adduced showed that the libelant was injured in consequence of a breach of the duty mentioned, and that the award in his favor was proper.

The decree is affirmed.