## STEWART v. UNITED STATES.

District Court, E. D. Louisiana. April 16, 1928.

No. 18445.

1. **Seamen** ⊂⟹29(2)—**It is owner's nondelegable duty to furnish seaworthy vessel.**

Vessel owner owes a nondelegable duty to furnish a seaworthy vessel, and is liable where injuries result from lack of original seaworthiness.

2. **Seamen** ⊂⟹29(4)—**Contributory negligence of first assistant steamship engineer held to preclude full recovery for loss of eye on bursting of water gauge which he was repairing.**

Contributory negligence of first assistant engineer of steamship in failing to report and requisition for missing chain operating water and steam valves for water gauge, or in failing to supply a temporary equivalent for missing part before or during voyage, *held* to prevent full recovery for loss of his eye, resulting from bursting of glass water gauge while he was repairing and testing it.

3. **Seamen** ⊂⟹11(9)—**Injured engineer's refusal of medical service tendered, and his employment of own physician, estopped him from claiming maintenance and cure.**

Refusal by libelant, who was first assistant engineer on steamship of medical service tendered by owner, and his employment of physician on his own responsibility, estopped him from claiming maintenance and cure.

In Admiralty. Libel by Clark F. Stewart against the United States. Decree in accordance with opinion.

Matt A. Grace (of J. D., M. A. & E. H. Grace), of New Orleans, La., for libelant.

Edouard F. Henriques, Sp. Asst. in Admiralty to U. S. Atty., and W. B. Spencer, Jr., Asst. U. S. Atty., both of New Orleans, La., for the United States.

BURNS, District Judge. Libelant was employed as first assistant engineer on the respondent government's steamship West Er-

ral. He commenced work at New Orleans on October 8, 1925, but did not sign shipping articles until two days later. As first engineer libelant was peculiarly situated with respect to the seaworthiness of the ship, in so far as the engine and fire rooms were concerned. The evidence shows that he was in direct charge of the engine supplies and necessaries, being responsible directly to the chief engineer for those needed in the engine room, and had direct supervision of those needed in the fire room, which were requisitioned by the junior engineers.

Libelant was injured on a return voyage from France and Belgium by the bursting of a glass water gauge which he had personally installed just before to replace one previously broken. A piece of glass entered his eye, the sight of which he ultimately lost. He contends that the absence of a chain device on the upper and lower cocks operating the water and steam valves for this gauge, by means of which chain the valves may be operated from the fire room floor, some 16 feet below the glass gauge and out of all danger, was the proximate cause of his injury. In the absence of this chain he stood on a middle grating, some 4 feet only below the glass gauge, to repair and test it, so that the upper part of his body and head were abreast of it.

The failure of libelant to protest the absence of this chain before signing shipping articles, and his failure to make requisition for same, or check and correct the failure of his junior engineers to do so, either before the voyage commenced or during the ship's stay in ports of call, both at Havre and Antwerp, is clearly the remote cause of the accident, and this contributory negligence should, as I understand the law, materially decrease the quantum to be allowed him as damages. There is other evidence tending to show that he might have replaced and tested the glass in a safer manner, but it does not preponderate to the extent necessary to charge him with liability for the proximate cause of the injury; nor is it sufficient to relieve the respondent owner of its liability to furnish him with a safe place to work and with safe appliances, more particularly since the chief engineer acknowledged his responsibility to supervise and inspect the engine and boiler equipment, and admitted that, although he inspected the engine room, he did not note the absence of this chain device or check the unseaworthiness of the ship in his department.

[1] The law is that the owner owes a nondelegable duty to furnish a seaworthy vessel, and is liable where the injuries result from lack of original seaworthiness, to which effect libelant aptly cites Patton-Tully Transportation Co. v. Turner (6 C. C. A.) 269 F. 334, and The Valdarno (5 C. C. A.) 11 F. (2d) 35, each in turn citing the Osceola, 189 U. S. 158, 23 S. Ct. 483, 47 L. Ed. 760.

[2] On the other hand, it would be a perversion of the law to allow full recovery to an engineer who was guilty of a positive neglect of duty by failing to either supply a temporary equivalent for the missing part, such as a piece of wire or cord, or by failing to make a proper report and requisition for the missing chain either before or during the voyage. To this effect the respondent as aptly cites Great Northern Railway v. Wiles, 240 U. S. 444, 36 S. Ct. 406, 60 L. Ed. 732; Frese v. C., B. & Q. Ry. Co., 263 U. S. 1, 44 S. Ct. 1, 68 L. Ed. 131; Burton v. Greig, 271 F. 271 (5 C. C. A.); The Henry B. Fiske (D. C.) 141 F. 188; The France, 59 F. 479 (2 C. C. A.); Reilly v. Campbell, 59 F. 991 (2 C. C. A.).

My conclusion, therefore, is that the quantum should be allowed as in case of divided liability for the injury, and in view of the permanent partial character of the injury, which deprives the libelant, who is an engineer, of one eye, a decree for $3,000 may be entered.

[3] I have further concluded that there was no proof of a defect, either obvious or latent, in the water gauge glass, which had been purchased in the usual course in the open market as the product of a reputable manufacturer; and that the libelant is estopped to claim maintenance and cure by his refusal of the medical service tendered him at the United States Marine Hospital on his return to this country. He employed private physicians on his own responsibility. Upon this point I understand the law to be as stated in The Bouker No. 2, 241 F. 831 (2 C. C. A.); The Santa Barbara (C. C. A.) 263 F. 369.

A decree may be entered accordingly, each party to pay its own costs.

On rehearing, the libelant was additionally allowed an item of unpaid wages.