### MARSHALL v. INTERNATIONAL MERCANTILE MARINE CO.
### No. 138.

Circuit Court of Appeals, Second Circuit.
March 3, 1930.

552

Arthur C. Hume, of Yonkers, N. Y., for appellant.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City. (Morton L. Fearey and R. H. Caldwell, both of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

█ The libel contains two counts—the first seeking indemnity for personal injury; the second, expenses of maintenance and cure. It does not clearly appear whether the first count relies upon the Merchant Marine Act (Act June 5, 1920, c. 250, § 33, 41 Stat. 1007 [46 USCA § 688]), or the general maritime law. If the first alternative be assumed, the two-year limitation of the statute creating the cause of action necessarily precludes maintenance of the suit. Engel v. Davenport, 271 U. S. 33, 38, 46 S. Ct. 410, 70

L. Ed. 813; Reading Co. v. Koons, 271 U. S. 58, 63, 46 S. Ct. 405, 70 L. Ed. 835. If the latter, then the court of admiralty would normally follow the analogy of the state statute of limitations (Nolte v. Hudson Navigation Co. [C. C. A.] 297 F. 758), which in New York requires actions for personal injuries to be commenced within three years. Civil Practice Act, § 49.

██ The appellant asks us to depart from the normal rule because she herself was diligent in following up the prosecution of her prior suit, and its dismissal was due to the neglect of attorneys to whom her attorney of record had intrusted the litigation, when appointment to an official position and illness after that appointment terminated rendered impossible his giving personal attention to her suit. In McGrath v. Panama R. R. Co., 298 F. 303 (C. C. A. 5), a similar argument was rejected, although the libel was filed only forty days after the expiration of a one-year statute of limitations and libelant's attorney had mistakenly supposed a three-year statute to be applicable. There the court emphasized the inconsistency of permitting a plaintiff, who may sue either in a common-law court or a court of admiralty, to maintain his action in the latter court after his right to sue in the former has been lost by delay. It also emphasized that detriment to the adverse party is presumed from delay for the statutory period unless the contrary be shown. See, also, Southard v. Brady, 36 F. 560, 561 (C. C. N. Y.), intimating that the burden of showing detriment is on the respondent only when less than the statutory period has run. This presumption is fortified in the case at bar by an affidavit that the vessel has been sold and broken up, its officers and crew have left respondent's employ, and material witnesses, who are specified, cannot be located. The answering affidavit of appellant, to the effect that she believes these witnesses to be alive and their testimony available, does not state the ground for her belief nor the whereabouts of the witnesses, and falls far short of showing that the elapsing of nearly twice the statutory period has not been detrimental to the defense of a suit of this character. If the appellant had any rights which have been lost through the conduct of her attorneys, we do not think the neglect of attorneys a sufficient reason to justify a departure from the analogy of the statute of limitations, where the presumption of detriment from delay has not been overcome. Cf. Scull v. Raymond, 18 F. 547 (D. C. S. D. N. Y.); The City of Atlanta, 17 F.(2d)

311 (D. C. S. D. Ga.), where the ineffectual prosecution of a libel in rem did not save a libel in personam instituted after the statutory period.

The second count of the libel may be dealt with briefly; it has not even been argued separately from the first in the appellant's brief. In a suit for maintenance and cure, the cause of action is contractual (Pacific S. S. Co. v. Peterson, 278 U. S. 130, 138, 49 S. Ct. 75, 73 L. Ed. 220), and the statutory period of limitation is six years. We do not, however, find it necessary to consider this count from the standpoint of laches, for the appellant's affidavit contains an admission fatal to her success in a suit for maintenance and cure. It asserts that she was offered hospital treatment and declined it. See The Bouker No. 2 (C. C. A.) 241 F. 831, 835; The Santa Barbara (C. C. A.) 263 F. 369, 371; Stewart v. United States (D. C.) 25 F. (2d) 869, 870.

The decree is affirmed, but without costs.