## HANSON v. LUCKENBACH S. S. CO., Inc.
### No. 375.

Circuit Court of Appeals, Second Circuit.

May 8, 1933.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Vernon S. Jones and Walter X. Connor, both of New York City, of counsel), for appellant.

Bartholomew B. Coyne, of New York City (Alfred J. Bedard, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

### PER CURIAM.

Hanson was a seaman on board one of the defendant's ships which was in the port of Philadelphia, lying beside a wharf. A lifeboat had been taken off a deck load of lumber stowed on the after deck, and the chain which had made it fast fell over the side in a bight, held at either end. The lumber rose nine feet above the deck, and the space between its side and the gunwale was not more than a foot; at least so the plaintiff said, and the jury to which the case was tried might so have found. The bight, hanging over the ship's side between it and the wharf, was about one hundred and twenty pounds in weight, and the boatswain wished it stowed on deck. He ordered the plaintiff to go down from the deck load into the narrow space and overhaul the chain, laying it alongside of him as it came aboard. The plaintiff obeyed and got the chain partly over the rail, when for some reason which he was unable to explain it slipped from his hand and again went overboard, catching his thumb in its passage and causing the injury for which he sued. The judge left it to the jury to say whether the defendant had furnished him with a safe place to work, and, if not, whether this was the cause of his injury. The jury found a verdict of $1,600, and the defendant appealed.

The action is brought under the Jones Act (section 33 [46 USCA § 688]), which gives the plaintiff all the rights of railway employees. Among these is a reasonably safe place in which to work. Zinnel v. U. S. S. B. E. F. Corp., 10 F.(2d) 47 (C. C. A. 2); The Valdarno, 11 F.(2d) 35 (C. C. A. 5); Howarth v. U. S. S. B. E. F. Corp., 24 F.(2d) 374 (C. C. A. 2). It appears to us that a jury might find it unsafe for a man to try to pull up so heavy a chain in such cramped quarters. The deck load rose be-

hind him higher than his head; he was obliged to stoop or crouch in order to get proper resistance to the weight he was to overcome. Had he stood upright, it might have pulled him overboard; at least a jury might think so. But a space of only one foot, or even two, is too narrow, if indeed possible at all, for that purpose. Unless he assumed the risk of working there, he may complain that he was not properly provided. It is true that his testimony leaves it somewhat doubtful how far his position was the cause of his losing hold. At one time he attributed the accident to the narrow space he worked in; at another to the fact that, as he piled the chain in the space behind him, it slipped off. The narrowness of the working space would account for either, and a jury might find that it was the cause, whichever way he lost his grip upon the chain. The boatswain's order seems to us to have been inherently dangerous; nobody ought to be asked to do such a job in such a place, and we are not disposed to scrutinize too nicely the precise way in which the accident resulted.

Being a seaman, it is well settled that the plaintiff did not assume any risks involved in obeying orders. Cricket S. S. Co. v. Parry, 263 F. 523 (C. C. A. 2); Panama R. R. Co. v. Johnson, 289 F. 964 (C. C. A. 2); Zinnel v. U. S. S. B. E. F. Corp., supra, (C. C. A.) 10 F.(2d) 47; Holm v. Cities Service Co., 60 F.(2d) 721 (C. C. A. 2).

Judgment affirmed.