### HUGHES v. ROOSEVELT.

District Court, S. D. New York.

Feb. 1, 1939.

Silas B. Axtell, of New York City (Dominick Blasi, of Brooklyn, N. Y., of counsel), for libelant.

Bigham, Englar, Jones & Houston, of New York City (John L. Quinlan, of New York City, of counsel), for respondent.

HULBERT, District Judge.

Hearing upon exceptions to the amended libel.

The libelant was a passenger, invited as a guest of the respondent aboard his yacht "Mistress".

On August 10th, 1934 the spinnaker carried away, struck libelant upon his head, knocked him down and caused him to sustain the injuries complained of.

The original libel was filed in this Court on October 19th, 1937. Exceptions filed thereto July 8th, 1938, were sustained November 30th, 1938, with leave to serve over, and the amended libel was filed December 9th, 1938, and exceptions thereto December 19th, 1938, and this hearing was brought on January 27th, 1939, by a notice dated January 3rd, 1939.

While the amended libel alleges that the libelant "elects to have his suit proceed in accordance with the principles of libels in rem and in personam", no attachment has been made, and it will, therefore, be regarded as an action in personam.

There is no statute of limitations in admiralty but the doctrine of laches is applied in lieu thereof, and what constitutes laches is, of course, to be determined upon the particular facts in each case. By analogy the courts apply the state statutes which, while an inflexible fiat so far as their effect in State Courts is concerned, are but a yardstick here. However, it is necessary for the libelant to show exceptional circumstances in order to warrant the Court in applying a rule more flexible in determining the issue as to laches because there is presumption of prejudice where the suit in admiralty for personal injuries was not commenced until after a case at law in the State Court had been barred by the statute of limitations. Marshal v. International Mercantile Marine Company, 2 Cir., 39 F.2d 551; Westfall Larson & Co. et al. v. Allman-Hubble Tug Boat Co. et al., 9 Cir., 73 F.2d 200; The Sydfold, 2 Cir., 86 F.2d 611.

In the amended libel it is alleged: "Libelant thereby became insane and by reason of such nervousness, insanity, etc., the statute of limitations has been tolled. Libelant is not therefore guilty of laches."

It may be assumed that when the original libel was verified, October 15th, 1937, over three years after the accident in question, that the libelant was not insane. It

598

is not alleged when he became insane, how long the state of insanity existed and when it ended.

Section 49, subd. 6 of the Civil Practice Act of the State of New York reads in part as follows: "The following actions must be commenced within three years after the cause of action has accrued: * * * 6. An action to recover damages for an injury to property, or a personal injury, resulting from negligence."

■ Counsel for respondent also emphasizes Sections 60 and 28 of the Civil Practice Act. The former makes insanity one of the disabilities excluded from time to commence action, and the latter provides that disability must exist when right accrues. However, for the reason previously stated it is not necessary to consider them. Exceptions will be sustained.