## THE SOUTHERNER.

### JOHNSON v. MOOREMACK GULF LINES et al.

### No. 47.

District Court, E. D. Pennsylvania.

Sept. 18, 1939.

Freedman & Goldstein, of Philadelphia, Pa., for libellant.

Krusen, Evans & Shaw, of Philadelphia, Pa., for respondent.

KALODNER, District Judge.

This is an action in admiralty.

On March 24, 1939 the libellant, a seaman, filed a libel in personam and in rem for personal injuries suffered while employed on the Steamship "Southerner" owned and operated by the respondents. The libel contained two causes of action: (1) for damages and (2) for cure and maintenance.

The accident on which the libel was founded occurred on March 12, 1937.

Respondents filed an exception to the libel, asking for dismissal on the ground of laches—that the cause of action allegedly arose on March 12, 1937 while the suit was not filed until March 24, 1939—2 years and 12 days later.

It is undisputed that the voyage on which the accident took place was terminated on March 25, 1937—within 2 years of the filing of the action.

The statute of limitations in Pennsylvania in actions founded on negligence is 2 years. As was stated in the recent case of The Mistress (Hughes v. Roosevelt) 26 F.Supp. 597, United States

District Court for the Southern District of New York:

"There is no statute of limitations in admiralty but the doctrine of laches is applied in lieu thereof, and what constitutes laches is, of course, to be determined upon the particular facts in each case. By analogy the courts apply the state statutes which, while an inflexible fiat so far as their effect in State Courts is concerned, are but a yardstick here. However, it is necessary for the libelant to show exceptional circumstances in order to warrant the Court in applying a rule more flexible in determining the issue as to laches because there is a presumption of prejudice where the suit in admiralty for personal injuries was not commenced until after a case at law in the State Court had been barred by the statute of limitations."

I am in accord with the rule enunciated in The Mistress case and the other authorities cited by the respondents. However, under the facts as they now appear, I cannot agree with the respondents that the exceptions to the libel should be sustained on the ground of laches. The action was brought within the 2-year period after the termination of the voyage and while the delay is certainly criticizable it is not, in my opinion, sufficient to bar the action.