## BAILEY v. CITY OF NEW YORK.
### No. 179.

Circuit Court of Appeals, Second Circuit.

Feb. 5, 1946.

Silas B. Axtell, of New York City (Lucien V. Axtell, of New York City, on the brief), for libelant-appellant.

Herbert B. Lee, of New York City (Ignatius M. Wilkinson, Corporation Counsel, of New York City, on the brief), for respondent-appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

Libelant, formerly a marine engineer on ferryboats of the City of New York, was denied recovery in the District Court of both his claim for damages for personal injuries allegedly due to tuberculosis contracted by reason of the conditions of his work and his claim for maintenance and cure for the period during which he alleged he had suffered from tuberculosis and a generally upset condition. 55 F.Supp. 699. While his appeal covered both claims, he now asks for review of only the second; and we have no occasion to review the findings of fact supporting the dismissal of the claim for indemnity.

Libelant went home from work feeling ill on August 6, 1940, and, although he called his family physician on or around the 10th of the month, did not go to the United States Marine Hospital until August 20. Having been transferred from the Stapleton to the Ellis Island Hospital, he left the latter without knowledge of the authorities on September 23, 1940. The District Court correctly held that he was not entitled to maintenance and cure after that date. The results of observation and of X-ray and other tests at the Marine Hospital indicate very little possibility that libelant was suffering from any illness at the time of his departure. But whatever rights he may have had were in any case forfeited by his voluntary rejection of hospital care. The Santa Barbara, 2 Cir., 263 F. 369; The Saguache, 2 Cir., 112 F. 2d 482; Marshall v. International Mercantile Marine Co., 2 Cir., 39 F.2d 551; The Bouker No. 2, 2 Cir., 241 F. 831, certiorari denied 245 U.S. 647, 38 S.Ct. 9, 62 L.Ed. 529; Stewart v. United States, D.C.E.D. La., 25 F.2d 869; Calmar S. S. Corp. v. Taylor, 303 U.S. 525, 531, 58 S.Ct. 651, 82 L.Ed. 993.

Hence the only period for which libelant could possibly have obtained maintenance and cure was that between August 6 and August 20. He claims $50 for X-rays taken on two occasions, and $60 for treatment by his family doctor. The evidence supporting these claims is, however, quite indefinite. Even assuming that both X-rays were taken during this period—though this is not made clear—their cost may not be recovered, for, as libelant well knew, they could have been taken free of charge at the Marine Hospital. His home was on Staten Island, the service at Stapleton was convenient and free for seafaring men, as he knew from at least one previous stay at a Marine Hospital, and hence he was not justified in refusing this service for more expensive attention) elsewhere. See cases cited supra.

That leaves only the early calls of the doctor. As to these, considering the

mildness of the attack and the general circumstances it would be unreasonable to say that these expenses were not fairly and properly incurred. But they were obviously an insignificant part of the total claim; there were apparently two calls from a physician who had been in practice only two years. We have no evidence as to the amount. The estimate of $60 for doctors' bills came only from libelant's wife, and was actually reduced to $50 during her testimony; it covered all trips down to the time of trial in March, 1944. In view of this lack of proof and trifling amount involved, a reversal is not justified.

Affirmed.