**TAWADA v. UNITED STATES.**

No. 11258.

Circuit Court of Appeals, Ninth Circuit.

June 16, 1947.

Gladstein, Anderson, Resner & Sawyer, of San Francisco, Cal., for appellant.

Frank J. Hennessy, of San Francisco, Cal. (John H. Black, Edward R. Kay and Henry W. Schaldach, all of San Francisco, Cal., of counsel), for appellee.

Before GARRECHT, STEPHENS and ORR, Circuit Judges.

ORR, Circuit Judge.

Fred Tawada, by occupation a marine engineer, signed shipping articles for a voyage aboard the "Kate Douglas Wiggins" for a term not exceeding twelve months. The articles were signed September 14, but were pre-dated to September 2, 1944. On September 13, the ship being tied up in port, Tawada was given the customary "pre-sign-on" medical examination by the Public Health Service to determine his physical fitness for sea duty, and for the purpose of determining whether or not he was afflicted with a contagious disease. As a part of the examination an X-ray of Tawada's chest was taken. The practice followed by the Health Service was to furnish certificates to the seamen, in the event no disability was discovered by the routine examination, before the X-ray films were developed. A certificate of physical fitness was furnished Tawada and he signed the shipping articles.

On September 15, 1944, Tawada was re-called by the Public Health Service for a further X-ray examination. Based upon a study of the X-rays last taken a diagnosis was made finding that Tawada was suffering from moderately advanced pulmonary tuberculosis. The examining physician, Dr. William John Fitzgerald, advised Tawada to enter the Marine Hospital in San Francisco for treatment. This Tawada did. He signed off the "Kate Douglas Wiggins" receiving the wages due him to that date.

Tawada brought a seamen's libel in personam for maintenance, wages and cure, pursuant to the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752; Public Law 17, 50 U.S.C.A. Appendix, § 1291; and the General Maritime Law.

Tawada denied having any knowledge of a tubercular affliction prior to being so informed by Dr. Fitzgerald on or about September 17, 1944.

Medical testimony introduced on behalf of Tawada and also on behalf of appellee disclosed that Tawada was afflicted with tuberculosis as early as June 1944, over two months prior to the time he joined the "Wiggins". The conclusions of the medical men as to Tawada's condition in June were based on an examination of X-rays taken of Tawada's chest at the Marine Hospital in said month of June, 1944.

That the X-rays taken in June 1944 disclosed a tubercular condition is admitted, but Tawada denies that his condition as reflected by the X-ray examination in June was ever disclosed to him. His explanation of the circumstances which led to the June X-ray examination is to the effect that he was hit by a truck "around the 18th or 19th of May" 1944, and suffered an injury to his foot; that the doctor who treated him at that time advised him to have X-rays of his shoulder and chest taken. This he admits having done but testified that he did not return to the doctor or the technician to learn the results of the X-ray examination. Records of the United States Public Health Service were introduced in evidence on behalf of appellee. The report of the examining physician reads in part: "Has had night sweats for years periodically". Tawada denied giving any such history to the physician. Following hospitalization in San Francisco in September 1944, Tawada was hospitalized for some time in 1945 in the Marine Hospital at Fort Stanton, New Mexico.

The trial court found against Tawada, holding that he had not incurred, contracted or suffered illness, injury or tuberculosis while in the employ of the appellee; that he was suffering from a far advanced case of tuberculosis, of which he was aware, at the time he first boarded the "Wiggins", and, further, that Tawada left the Marine Hospital in San Francisco in October 1944 and the hospital at Fort Stanton, New Mexico, in August 1945 without the consent

of and against the advice of attending physicians.

■ In an appeal in admiralty, where "a substantial part of the evidence was heard in open court", the "correct rule" is that the findings of the trial court "are accompanied with a rebuttable presumption of correctness". Thomas v. Pacific S. S. Lines, Ltd., 9 Cir., 84 F.2d 506, 507, 508; The Pennsylvanian, 9 Cir., 149 F.2d 478, 481. And, "where all of the evidence is heard by the trial judge and the question is one of credibility of witnesses on conflicting testimony, the presumption [that the findings of the District Court are correct] has very great weight."[1]

■ In the instant case all of the evidence, except the medical records of the Public Health Service, was heard by the trial judge. In United States v. Lubinski, 9 Cir., 153 F.2d 1013, 1014, where "the testimony was partly oral and partly by deposition", we said, "we give weight to the findings of the trial court as our judicial discretion dictates".[2] The evidence before us being both oral and documentary we apply the same rule as in a case where the "testimony was partly oral and partly by deposition", and give such weight to the findings as our judicial discretion dictates. Reviewing all the evidence, and giving it the independent "examination, thought and judgment" required by "The Ariadne", 13 Wall. 475, 479, 80 U.S. 475, 479, 20 L.Ed. 542, we conclude that the district court reached the correct result.

The trial court evidently rejected Tawada's testimony that he had no knowledge of the June 1944 X-ray examination. That examination was voluntarily sought by Tawada and the X-ray of the shoulder and chest was for some other purpose than to learn the extent of the injury to his foot.

The conclusion seems inescapable that some time during his visit to his physician some symptoms relating to his arms and chest were discussed and the X-rays advised. It is not reasonable to believe that a sane man, naturally concerned as to his health and well-being would be so recklessly disregardful of the results of a medical examination he had sought as to ignore results and make no inquiry relative thereto. It is not suggested that any difficulty whatsoever stood in the way of Tawada's ascertaining those results. The trial court, considering all the circumstances of this case, was justified in finding that Tawada knew he was suffering from tuberculosis at the time he signed the shipping articles and failed to make disclosure of that fact. Such circumstances distinguish the instant case from the cases upon which appellant mainly relies.[3]

In the cases cited by appellant either a pre-existing disease was "lighted up" through some injury on the ship; was incurred during service on the ship, or "the seaman, without fraud or concealment, and believing himself able to perform his duty, enters upon the service". Neilson v. The Laura (Note 3).

■ We do not understand counsel for appellant to contend seriously that appellant is entitled to recover in the event the finding that Tawada was aware of and concealed his condition at the time he signed the shipping articles, can be sustained. The shipowner's liability for maintenance and care extends to seamen "becoming ill or injured during the period of their service" (Aguilar v. Standard Oil Co., 318 U.S. 724, 730, 63 S.Ct. 930, 933, 87 L.Ed. 1107), but that liability does not extend to a seaman who, with knowledge that he is afflicted with a disabling disease, conceals that fact and holds himself out as fit.[4]

[1] The Ernest H. Meyer, 9 Cir., 84 F.2d 496, 501, certiorari denied Hammond Lumber Co. v. Broughton & Wiggins Nav. Co., 299 U.S. 600, 57 S.Ct. 193, 81 L.Ed. 442; The Melody, 9 Cir., 157 F. 2d 448.

[2] Matson Navigation Co. v. Pope & Talbot, 9 Cir., 149 F.2d 295, certiorari denied, 326 U.S. 737, 66 S.Ct. 46, 90 L. Ed. 439.

[3] Calmor S. S. Co. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993; Loverich v. Warner Co., 2 Cir., 118 F.2d 690, certiorari denied, 313 U.S. 577, 61 S.Ct. 1105, 85 L.Ed. 1535; Lewis v. Alcoa S. S. Co., D.C., S.D.N.Y., 57 F. Supp. 575; Rey v. Colonial Navigation Co., 2 Cir., 116 F.2d 580; Neilson v. The Laura, D.C., Cal., Fed.Cas.No.10092.

[4] C. F. Miller v. Lykes Bros.-Riply S. S. Co., Inc., 5 Cir., 98 F.2d 185, certiorari denied, 305 U.S. 641, 59 S.Ct. 150,

618

One other finding of the trial court, supported by substantial evidence, that Tawada left the Marine Hospital in San Francisco and also the hospital in Fort Stanton, New Mexico, without the consent and against the advice of the attending physicians,[5] bars recovery for maintenance and care.

Decree affirmed.

---

83 L.Ed. 413; The Mary Sanford, D.C. E.D.S.C., 58 F. 926; Lindquist v. Dilkes, 3 Cir., 127 F.2d 21.

[5] United States v. Johnson, 9 Cir., 160 F.2d 789; Bailey v. City of New York, 2 Cir., 153 F.2d 427; Meyer v. United States, 2 Cir., 112 F.2d 482.