**WELLER v. UNITED STATES et al.**

No. 25954.

United States District Court
N. D. California, S. D.

Aug. 12, 1952.

Herbert Resner, Los Angeles, Cal., for libelant.

Chauncey Tramutolo, U. S. Atty., San Francisco, Cal., George Liebermann, Appel, Liebermann & Leonard, San Francisco, Cal., for respondents.

ROCHE, Chief Judge.

This is an action for maintenance and cure for the period extending from December 5, 1951, the date libelant was last discharged from the Marine Hospital, to May 1, 1953. The action has heretofore been dismissed with prejudice as to respondent Pacific Atlantic Steamship Company. Libelant, who has been hospitalized intermittently for tuberculosis since November 26, 1945, bases his claim on the ground that the disease first manifested itself while he was in the service of the S. S. Robert G. Harper, a vessel owned by repondent United States of America. Respondent resists the claim on the grounds that libelant breached a warranty of physical fitness when he joined the ship and that, furthermore, he is disqualified by reason of certain conduct during his periods of hospitalization.

Respondent's first defense is not supported by modern decisions. The seaman who signs on a ship without knowledge that his system contains the germs of a disease that may later incapacitate him is not thereby barred from claiming maintenance and cure if the disease manifests itself during his service with the ship. Calmar S. S. Co. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993; Rey v. Colonial Navigation Co., 2 Cir., 116 F.2d 580. Nor is his claim barred if he knows he has an ailment but has no reason to believe it is inherently serious or may become disabling. Lindquist v. Dilkes, 3 Cir., 127 F.2d 21, 24. He is disqualified, however, if he withholds or actively conceals his knowledge that he has a disease that is inherently serious or may become disabling. Tawada v. United States, 9 Cir., 162 F.2d 615. As stated by the Court of Appeals in Lindquist v. Dilkes, supra, "the sailor's duty is to disclose whatever he as an ordinarily prudent person should have known is material to the risk." Whether libelant conduct meets this test is the first question and for its decision an examination of the facts, as disclosed by the record, is necessary.

Libelant served as chief engineer on the Harper from June 1, 1944 to and including April 10, 1945. During the year prior to that period he had served as engineer on San Francisco fire boats and on the S. S. Cape Meredith. He testified that five or six months after the Harper's voyage started he began to notice symptoms characteristic of tuberculosis and that in December of 1944 an army doctor took an X-ray of his chest and told libelant he thought there was a spot on the left lung.

After the voyage ended, libelant returned to his old job on the San Francisco fire boats. He entered the Marine Hospital at San Francisco on November 26, 1945 with illness diagnosed as active pulmonary tuberculosis. During the period from November 26, 1945 to July, 1946 libelant was discharged from the hospital three times for excessive drinking. From July to December 4, 1946 he was an out-patient. He then entered the hospital at Fort Stanton, New Mexico, where he remained until No-

504

vember 13, 1947, when he was discharged at his own request.

After libelant left Fort Stanton he worked on the San Francisco fire boats for fourteen months when tuberculosis of the larynx caused him to be hospitalized. After his discharge on June 12, 1950 he returned to his work on the fire boats and served fifteen months when he again entered the Marine Hospital, this time with a tubercular knee. An operation was performed, leaving the joint stiff. He was discharged from the hospital on December 5, 1951 and has been an out-patient since that time.

■■■ On direct examination libelant testified that in 1943 he had a complete physical examination, including chest X-rays, before going to work on the fire boats. These X-rays disclosed a fibrous area in the left lung that indicated a childhood tuberculosis not then active. On cross-examination libelant testified that he had had chest X-rays taken at the Marine Hospital in New York in 1939 and that he withheld this information from the doctors who examined him for service on the Cape Meredith and the Harper. The record further discloses that prior to joining the Harper libelant, in response to the examining physician's questions, stated that he had X-rays taken in 1943 but that they were all right. Libelant knew the rigors of wartime service in the Pacific and should have realized that such service might very easily light up a tubercular infection, assuming it to be inactive at the time. The Court finds that libelant not only failed to disclose, but actively concealed information that he, as an ordinarily prudent person, should have known was material to the risk.

This conduct alone is sufficient to bar libelant's claim. Tawada v. United States, supra. If it were not, his refusal to accept the maximum benefits of hospitalization, as evidenced by his discharge at his own request and his earlier disciplinary discharges, would disqualify him from now claiming maintenance and cure. Libelant argues that the appearance of the disease in his larynx and in his knee resulted from the infection getting into the blood stream and that this was unaffected by his failure to remain in the hospital. The record con-

tains no evidence to support libelant's conclusion. For all that appears, had libelant continued under the expert care and treatment provided by respondent through its Marine Hospitals, the disease might have been so arrested that it would not have entered the blood stream.

In view of the foregoing it is therefore by the Court ordered that there be entered herein, upon findings of fact and conclusions of law, a decree in favor of the respondent and that the respective parties pay their own costs.