George T. RENNER, Libellant,

v.

UNITED STATES of America and Ag-wilines, Inc., as owner, etc.
Respondents.

No. 19466.

United States District Court
E. D. New York.

July 6, 1955.

Silas B. Axtell, New York City, for libellant.

Burlingham, Hupper & Kennedy, New York City, for respondents, By J. J. Crowley, Advocate, New York City.

BYERS, District Judge.

In this cause concededly only for maintenance and cure, the libel was filed November 14, 1949 in the Southern District and was transferred to this court on consent, April 11, 1950.

Trial proceeded on May 17, 1955 in the absence of libellant after his proctor had been admonished on several occasions to produce his client or take his testimony under deposition, because of the long time that the cause had been pending. Neither suggestion was adopted.

The libellant resides in Amityville, Long Island, and had been present in court at the March Term when his cause was not tried.

The respondent offered in evidence the deposition of the libellant which had been taken on February 26, 1954 pursuant to Admiralty Rule 32 of this court, which was received. It is entirely illuminating concerning his history and activities during all times material to the cause. Since his proctor has filed no brief in answer to that of the respondents served upon him on June 6th, there can be no reasonable doubt that the facts upon which libellant relies have been fully laid bare in the record so made, together with the other exhibits, namely:

Exhibit B—Respondents' interrogatories and libellant's answers made in response thereto.

Exhibit C—Maritime Administration medical records relating to the libellant and covering the period November 18, 1943 to May 19, 1944, together with an X-ray taken of libellant's chest on May 10, 1944, and the X-ray report made the same day.

Exhibit D—Libellant's Coast Guard Employment Record from February 17, 1940 to March 15, 1944.

Exhibit E—United States Coast Guard record relating to the hearing held on May 19, 1944, which resulted in suspension of the libellant's license by reason of his physical incompetence to go to sea.

Hospital records were also produced under subpoena and examined in the formulation of this decision.

Based upon the foregoing, the following are the

Findings.

1. On or about January 10, 1944 the libellant was temporary Chief Mate on the S./S. Elihu Root owned and operated by the United States, for which Agwilines, Inc. managed the ship under general agency agreement with the War Shipping Administration.

2. On or about that date the libellant was taken ill, while the ship was in Halifax, N. S. He was examined by a physician who advised that his condition was tubercular, i. e., there was an infiltration of the upper left lung. The physician recommended that he be returned to the United States for treatment. The captain of the ship refused to permit the libellant to be detached, but insisted that he remain with the ship.

3. The tubercular condition so revealed was the recurrence of an earlier manifestation of which the libellant was first aware in March of 1942, and for the treatment of which he had undergone hospitalization and treatment until April of 1943 when he was advised that the condition had been arrested.

4. The Elihu Root returned to New York on March 15, 1944 and the libellant at once underwent another medical and x-ray examination which showed "cavitation on the left side and infiltration in both lungs."

5. The libellant knew at that time that he was in need of medical treatment for that condition.

6. The libellant refused to go to Ellis Island or any other Marine Hospital pursuant to the recommendation of the examining physician.

7. There was a hearing before the Coast Guard in May of 1944 as the result of which the libellant's license was suspended because of his said physical condition. Also a medical and x-ray examination by the W.S.A. was held on May 10, 1944 which revealed "bilateral pulmonary tuberculosis, moderately advanced with cavitation." Following these events the libellant was again urged to undergo hospitalization, but again refused.

8. The libellant did not enter any Marine Hospital, or receive any medical treatment or undergo any medical examination until December of 1946.

9. During the interval between March 1944 and December 1946 the libellant was engaged in operating a filling station for a time, and in other business pursuits of limited duration.

10. The libellant was an in-patient at the U. S. Marine Hospital Neponsit, and later at the Marine Hospital Staten Island, from February 25, 1947 until June 27, 1949 when he was discharged as such, at his own request.

11. That discharge stated that libellant had by then received "maximum hospital benefits."

12. Since the foregoing discharge, the libellant has been an out-patient at Neponsit and later at Manhattan Beach Public Health Hospital, and as late as November, 1953 the physician considered that the tuberculosis had again become active so that bed rest was recommended. Since May 26, 1954 his sputum tests have been negative.

### Conclusions of Law

1. The libel must be dismissed against Agwilines, Inc. Fink v. Shepard S. S. Co., 337 U.S. 810, 69 S.Ct. 1330, 93 L.Ed. 1709.

2. The libellant had attained by June 27, 1949 the maximum recovery from the tuberculosis from which he has suffered since 1942.

### Comment

The foregoing is the necessary deduction to be drawn from the hospital discharge of that date, in the absence to the contrary on the part of the libellant.

3. The obligation of the United States for maintenance and cure had therefore been discharged prior to the filing of this libel. Loverich v. Warner Co., 3 Cir., 118 F.2d 690; Farrell v. U. S., 336 U.S. 511, 69 S.Ct. 707, 93 L. Ed. 850; Calmar S. S. Corp. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993; Desmond v. U. S., 2 Cir., 217 F.2d 948.

4. Libellant's refusal to undergo hospitalization pursuant to the advice of the physicians who examined him in March and May of 1944, although he was aware of the seriousness of his condition, and his failure to enter any hospital until February 25, 1947 are deemed to constitute a forfeiture of his right to seek maintenance and cure. See Repsholdt v. U. S., 7 Cir., 205 F.2d 852; Bailey v. City of New York, 2 Cir., 153 F.2d 427; Meyer v. U. S., 2 Cir., 112 F.2d 482.

### Comment

This libellant's refusal to enter a hospital in 1944 was consistent with his refusal to seek medical advice of any kind for ever eighteen months after his first examination in March of 1944. It would seem too clear for dispute that during that interval, the lack of proper care and attention must have been responsible for the progress of his disease later, which was brought to light. The Government offered him the best of hospital facilities without cost. Having refused that offer, it is not clear to this court why he should successfully ask the Government to pay him a considerable sum of money, the claim to which might not have arisen at all but for his attitude in 1944.

5. The libel must be dismissed, but without costs.

Settle decree in accordance with the foregoing.