Jack Paul BROWN, Libelant,

v.

Dean KAYLER, Chris Dahl and John Doe, d/b/a Kayler-Dahl Fish Company, Respondents.

No. 3773–KA.

District Court, Alaska
First Division, Ketchikan.

Nov. 6, 1957.

A. H. Ziegler, of Ziegler, Ziegler & Cloudy, Ketchikan, Alaska, for libelant.

R. E. Robertson, of Robertson, Monagle & Eastaugh, by F. O. Eastaugh, Juneau, Alaska, for respondents.

KELLY, District Judge.

This matter came on before the court for argument upon exceptions to the amended libel filed herein, which exceptions allege as follows:

(1) That the libelant claimed injuries were suffered on September 27, 1954, more than two years prior to the filing on November 29, 1956, of the libel, and to the issuance on November 29, 1956, of the monition herein which pleadings disclose the staleness of libelant's demand and his guilt of laches for the reason that Sec. 55–2–7, A.C.L.A.1949, provides that an action for any injury to the person or to the rights of another not arising from contract shall be brought within two years from the date of suffering such injury.

(2) That the averred facts in the amended libel are insufficient to constitute a cause of action and do not show that libelant was either a seaman, a shipper, or a passenger or that any action arises by the alleged unseaworthiness of the barge Homer, or that libelant has any claim or right of action because of such alleged unseaworthiness, or that a good, safe and proper means of reaching the pilothouse of said vessel was not furnished libelant, or that the means furnished was not in accordance with the usual construction of such vessels, or that libelant was not previously informed and

knew the construction of said vessel and the means by which to reach the pilot-house thereof, or that any alleged negligence of the respondents was the proximate cause of libelant's alleged injuries.

(3) That the facts averred in the amended libel do not constitute a cause of action within the admiralty and maritime jurisdiction of this court.

(4) That the excuse of laches, as set forth in paragraphs VII, VIII, IX, X, and XI, of the amended libel, does not constitute a valid ground to excuse libelant's failure to file his libel within two years after the cause of action arose.

It appears from the pleadings and the undisputed statements of counsel, that the sequence of events is substantially as follows:

(1) That at about 8:00 p. m. on September 27, 1954, at Excursion Inlet, Alaska, in the North Pacific Ocean, where respondents maintained their vessel Homer, libelant landed his vessel, the Rebecca, alongside the Homer, in navigable waters, and that said libelant had aboard his vessel a catch of salmon which he sold to the respondents and delivered aboard the Homer and was then directed by respondents to board the Homer in order to receive payment for the fish.

(2) That the libelant proceeded over the top deck of the Homer from the bow to the pilothouse, at or near the stern of the Homer, and that at a distance of about 8 feet from the said pilothouse the deck became uneven and that upon reaching this point of change in the level of the deck, libelant fell, striking his head against the pilothouse or other structure, sustaining injuries which resulted in his total disability.

It is admitted on the part of libelant that the libel was not filed within two years from the date of said accident but that same was filed on November 29, 1956, over two months after the statute of limitations had expired on September 27, 1956.

Libelant contends that the delay in filing the action was excusable for the following reasons:

(1) As a result of said accident, libelant had not recovered from the injury sustained before the expiration of the two-year period fixed by the Alaska statute and has not now recovered from the same.

(2) That libelant wished to delay commencement of the suit as long as possible in order to determine as well as he could the extent of his injuries.

(3) That libelant filed suit under the Alaska statute for damages before the expiration of the two-year period but that suit was filed against Kayler-Dahl Fish Company, Inc., a corporation; that libelant believed and had reported to his counsel that the barge Homer was operated by and under the control of said corporation at the time he was injured thereon.

(4) That libelant is an Indian and unfamiliar with legal matters and had no knowledge of whether this was a trade name, a company, or a corporation, but believed and reported to his counsel that it was a corporation.

(5) That after suit was filed as aforesaid against Kayler-Dahl Fish Company, a corporation, said action was dismissed for the reason that the Kayler-Dahl Fish Company corporation had been dissolved prior to the time of the accident.

(6) That said motion to dismiss was not filed until the two-year period had expired and libelant was precluded from re-filing his suit under the Alaska statute within the two-year period.

(7) That the respondents are believed to be the owners of all the assets of said dissolved corporation, which were transferred to the respondents as individuals upon dissolution.

(8) That the respondents as individuals are not prejudiced by the delay.

(9) That this is a suit in personam and the rights of lien creditors and others cannot be prejudiced thereby.

(10) That if the doctrine of laches be applied herein, libelant will be deprived of his day in court and will sustain incalculable loss and damage.

Respondent points out that the common-law suit against the nonexistent corporation was filed a mere nine days before the expiration of the two-year period for filing as permitted by the statute.

Counsel for libelant and respondents both presented able arguments in open court and carefully prepared briefs in connection therewith, and it appears to this Court that the issue is narrowed down herein to the following questions:

(1) Whether or not the allegations in the amended libel as set forth in paragraphs III and IV thereof, are sufficient to allege a cause of action based upon negligence and unseaworthiness of the vessel.

(2) Whether or not the delay in bringing this action over two months after the expiration of the statute of limitations bars the maintenance of said action.

(3) Whether or not the excuse and reasons for the delay as set forth in the pleadings are sufficient, if sustained, to excuse the laches and permit the bringing of a tardy action.

While it appears to this Court that there is considerable merit to the respondents' contention that

(1) the libel does not sufficiently allege facts showing the alleged negligence relied upon, and

(2) the libel does not properly or sufficiently allege any duty owed libelant, any failure to perform such duty, or any injuries resulting therefrom.

I do not feel a finding on these points is necessary in view of the determination made hereinafter upon the question presented alleging failure to bring the action herein timely, that is, within the period after the cause of action arose, as required by Sec. 55–2–7, A.C.L.A. 1949.

I hold that this case is one barred by the statute and that the excuses presented for the laches of libelant in failure to bring the action within the 2-year period are insufficient reasons in law or equity.

It is pointed out in libelant's brief that the powers of a court of admiralty are so broad and the considerations which impel its actions so extensive that it has been called, as distinguished from a court of law or a court of equity, a court of justice.

It should here be pointed out that Justice wields a two-edged sword; the rights of both parties to an issue must be examined. The basic reasons for a statute of limitation are to encourage promptness in the prosecution of remedies and to discourage delay. It is just as necessary to protect one against whom a claim might be asserted as it is to guard the rights of a claimant, but the statute of limitation is aimed to protect one against whom a claim might be asserted from penalties resulting from the passage of time, when witnesses have died, scattered, or disappeared, evidence has vanished or been misplaced, lost, or destroyed, facts have been obscured by defect of memory and lapse of time, as well as from the element of surprise.

Where statutes of limitation are passed they point out to those who would use the court that the courts are open to claimants for the period permitted under the statute and not thereafter, and it is only in the case of the gravest injustice, under most exceptional circumstances, where no fault inures to the claimant, and then only in the exercise of sound judgment where real equitable considerations exist, that the court is permitted to exercise discretion in waiving the laches complained of. Westfall Larson & Co. v. Allman-Hubble Tugboat Co., 9 Cir., 73 F.2d 200.

None of the excuses or reasons for delay are sufficient to overcome the presumption of prejudice to respondent.

None of these reasons present a condition which proper diligence could not have avoided.

The common-law action is barred and it would be inconsistent to allow libelant to sue in admiralty with the same effect as at common law thereafter under these

114

circumstances. McGrath v. Panama R. Co., 5 Cir., 298 F. 303; Marshall v. International Mercantile Marine Co., 2 Cir., 39 F.2d 551.

The exceptions of respondents are allowed, and the libelant is allowed thirty days from November 7th, 1957, in which to file an Amended Libel, and upon his failure so to do, the suit and complaint will be dismissed with prejudice.