**Martin BURKERT, Libelant,**

v.

**WEYERHAEUSER STEAMSHIP COM-
PANY, a corporation, Respondent.**

**In Adm. No. 63–194.**

United States District Court
S. D. California,
Central Division.

June 11, 1964.

———◆———

Bodle & Fogel, Daniel Fogel, Eric Julber, Arnold Kessler, Lawrence Drasin, by Lawrence Drasin, Los Angeles, Cal., for libelant.

Lillick, Geary, McHose, Roethke & Myers, L. Robert Wood, and Thomas H. Werdel, Jr., by L. Robert Wood, Los Angeles, Cal., for respondent Weyerhaeuser Line (sued herein as Weyerhaeuser Steamship Co.)

THURMOND CLARKE, District Judge.

This is a proceeding in admiralty for maintenance, cure and wages for a seaman disabled by mental illness.

Libelant was employed by respondent Weyerhaeuser Line (sued herein as Weyerhaeuser Steamship Company) September 5, 1962, as a third mate aboard the vessel S.S. HORACE IRVINE. While engaged in performance of his duties October 27, 1962, libelant became ill; and he was removed from the vessel in the Panama Canal Zone for medical treatment.

Libelant alleges he was unfit for duty from the date of the onset of his illness, and the unfitness is expected to continue. He seeks maintenance and cure at the rate of $8.00 per day—less $88.00 heretofore paid him by respondent—and wages at the rate of $18.30 per day. He prays further for punitive damages in the sum of $25,000.00 and for attorney fees. The claim for punitive damages was not, however, urged at the trial.

Respondent has answered, denying any liability, and alleging the sum of $88.00 heretofore paid "was mistakenly advanced for maintenance and cure." By way of affirmative defenses, respondent alleges libelant's illness was a recurring one which rendered him unfit for sea duty and was not contracted while he was a member of the crew of the S.S. HORACE IRVINE; libelant did not disclose a history of mental illness at the time he was employed; libelant intentionally and fraudulently concealed his existing mental illness in order to deceive respondent and induce it to employ him; and libelant's illness, if any, was caused solely by his own misconduct in consuming large quantities of alcohol.

The evidence shows libelant was repeatedly hospitalized for mental illness between 1946 and 1957; and on two occasions, he was stricken while working aboard ship.

Libelant maintains he had been gainfully employed during most of the five-year period following his last hospitalization, and he believed himself fit and able to work at the time he was employed by respondent.

Libelant was not given a physical examination at the time he was hired. He

382

did not disclose his history of mental illness—nor was he asked any question which would have led to such disclosure.

This court must at the outset determine whether libelant was under a duty to disclose a pre-existing illness which might—and in fact did—lead to disability, even though he might at the time have considered himself fit for duty.

The United States Court of Appeals for the Ninth Circuit has answered this question in the affirmative in the case of Tawada v. United States, 162 F.2d 615, stating at p. 617 (1947):

> "The shipowner's liability for maintenance and care extends to seamen 'becoming ill or injured during the period of their service' * * *, but that liability does not extend to a seaman who, with knowledge that he is afflicted with a disabling disease, conceals that fact and holds himself out as fit."

The duty of disclosure is set out in Fardy v. Trawler Comet, 134 F.Supp. 528 (D.Mass.1955) and in Weller v. United States, 106 F.Supp. 502 (N.D.Cal.1952).

Certain of the cases cited by libelant on questions of pre-existing illness and duty of disclosure are distinguishable on the facts: Lindquist v. Dilkes, 127 F.2d 21 (3rd Cir. 1941), wherein the seaman knew of his ailment but, with some justification, did not regard it as serious; Lipscomb v. Groves, 187 F.2d 40 (3rd Cir. 1951), where the undisclosed condition was found to have no bearing on the injury; Dragich v. Strika, 309 F.2d 161 (9th Cir. 1962), in which the libelant did not know of his illness; Brahms v. Moore-McCormack Lines, 133 F.Supp. 283 (S.D.N.Y.1955), in which there was no issue of nondisclosure. The case of Ahmed v. United States, 177 F.2d 898 (2d Cir. 1949) involved "an ignorant seaman, whose testimony shows how little he understood the English language" and who apparently did not comprehend his own unfitness for duty. In the present case, libelant's testimony and demeanor mark him as a man of percipience, who would unquestionably be able to perceive the seriousness of recurring mental illness in a ship's officer. The case of Gray v. Bernuth, Lembcke Co., 89 F.Supp. 156 (E.D.Pa.1950), cited by libelant, reaches its conclusion without allusion to the general rule nor to any authority. Perez v. Suwanee Steamship Co., 239 F.2d 180 (2d Cir. 1956), we believe misinterprets the opinion of the United States Court of Appeals for the Ninth Circuit in the Tawada case, supra.

The court finds libelant was under a duty to disclose his prior history of mental illness. He having failed to do so, there is no liability on the part of the employer.

It is unnecessary to determine the remaining issues raised by the parties.

Counsel for respondent shall prepare findings of fact, conclusions of law and judgment in accordance herewith.