## THE BRISTOL.

*(Circuit Court, S. D. New York. July 1, 1884.)*

1. **ADMIRALTY—COLLISION—LIBEL—INNOCENT PURCHASERS.**
   A vessel which has collided with another, and not been subjected to a libel therefor within two years, after which it passed into the hands of innocent purchasers, who, before the purchase, took every means to ascertain the existence of any liens, cannot be libeled on account of that collision, as against the new owners, four years after the damage was done.

2. **SAME—LIEN—LACK OF DILIGENCE IN ENFORCING—INNOCENT THIRD PARTIES.**
   Admiralty denies the privilege of enforcing a lien which has been suffered to lie dormant, without excuse, until the rights of innocent third parties would be prejudiced if it should be recognized.

In Admiralty.

*Beebe, Wilcox & Hobbs,* for libelants.

*Pritchard, Smith & Dougherty,* for claimants.

WALLACE, J. The court below properly dismissed the libel in this case because of the laches of the libelant in not asserting its claim seasonably. The collision took place July 5, 1872. The Bristol at that time was owned by the Narragansett Steam-ship Company. June 9, 1874, that company sold the steamer to the Old Colony Steamship Company, the present owner. During this period of nearly two years that intervened between the time of the collision and the sale of the steamer, the Bristol could have been libeled at any time. The Old Colony Steam-ship Company was not only an innocent purchaser for a valuable consideration, but its officers took unusual precautions to ascertain whether there were any claims asserted against the steamer by examining the records of all the admiralty courts which might acquire jurisdiction *in rem,* and for several months after it took possession and exercised notoriously the rights of an owner, it retained control of a fund as security in its hands against any latent liens upon the vessel. The libelant did not assert any claim so as to reach the knowledge of the purchaser until more than four years had elapsed after the collision; and in the mean time, the Narragansett Steam-ship Company had become practically defunct, and was represented by its officers to be irresponsible.

Admiralty denies the privilege of enforcing a lien which has been suffered to lie dormant without excuse until the rights of innocent third persons would be prejudiced if it should be recognized. The application of the rule to this case is eminently just, and the opinion of the district judge is fully approved.

In this view, it is unnecessary to consider whether the Bristol was culpable in the collision.