## McGRATH v. PANAMA R. CO.

(Circuit Court of Appeals, Fifth Circuit.  April 8, 1924.)

No. 4031.

1. **Admiralty ⬤⟹34—Common-law limitation followed by admiralty courts.**

Admiralty courts, though not bound by common-law limitations, adopt them by analogy, unless equitable reasons exist for not doing so, and on libel in personam for personal injuries the common-law limitation will be followed, because, libelant having right to sue at common law, as well as in admiralty, it would be inconsistent to permit him to sue in admiralty with same effect as at common law, after his right to sue at common law was barred.

2. **Equity ⬤⟹87(1)—Where equity adopts statutory limitations, presumption of injury is also adopted.**

Injury is presumed from delay in commencing action beyond statutory period in common-law actions, and when equity adopts statutory period it adopts the presumption of injury until contrary is shown.

3. **Admiralty ⬤⟹34—Mistake of libelant's counsel in advising client as to period of limitation applicable held not to justify departing from statutory period.**

The three-year statute for suing for personal injuries under Code of Colombia was superseded by one-year period under Canal Zone Code of Civil Procedure, and mistake of libelant's counsel in advising that three-year statute was applicable to libel for personal injuries will not justify court of admiralty in departing from statutory limitation.

Appeal from the District Court of the United States for the Canal Zone; John D. Wallingford, Judge.

Libel by Anna R. McGrath against the Panama Railroad Company. From a decree dismissing the libel, libelant appeals. Affirmed.

Gordon Boswell and L. P. Bryant, Jr., both of New Orleans, La. (Dr. Oscar Teran, of Panama, Canal Zone, on the brief), for appellant.

John O. Collins and G. H. Martin, both of Ancon, Canal Zone, for appellee.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge.  This was a libel in the District Court, filed by the libelant, Anna McGrath, seeking to recover damages alleged by her to have been caused by injury received by her while a passenger on one of the respondent's steamships, while it was making a voyage between New York and Panama City.  The libel was dismissed by the District Court because of laches; it having been filed 40 days after the expiration of a year from the date of the injury. The appeal is from the decree dismissing the libel.  The only question presented by it is the correctness of the District Court's ruling in respect to laches.

[1] The applicable statute of limitations for actions at common law for personal injuries in the Canal Zone is one year from the date of the injury.  The limitation of three years, which obtains under the Code of Colombia, was superseded by the repealing clause of the legislation and executive orders, which put into effect the Canal Zone Code

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of Civil Procedure. Courts of admiralty are not, however, bound by common-law limitations, but adopt them by analogy, unless equitable reasons exist for not doing so. In the case of a libel in personam for the recovery of damages for personal injuries, the reason for following the limitations of the common law in courts of admiralty is emphasized by reason of there being preserved to the libelant in such a case the right to sue at common law, as well as in admiralty. In the event the libelant sued at common law, the statute of limitations would bar a recovery. It would be inconsistent to permit him to sue in admiralty, with the same effect as at common law (as is true in the case of a libel in personam), after his right to sue at common law had become barred.

[2, 3] The appellant suggests that no injury is shown to have been done to the appellee by the delay in filing the libel. Injury is presumed from the statutory period of limitation in common-law actions, and, when equity adopts the statutory period, it adopts along with it the presumption of injury, until the contrary is shown. The appellant relies also upon erroneous advice given her by her counsel in Panama as to the applicable statute of limitations, namely, the statute of three years under the Code of Colombia, as being a circumstance that would make it inequitable for a court of equity to follow the common-law limitation. In view of the fact that the limitation of one year was prescribed by the Canal Zone Code of Civil Procedure, we do not think that the mistake of counsel was sufficient to justify a court of admiralty in departing from the analogy of the statutory limitation.

The decree of the District Court of the Canal Zone, dismissing the libel, is affirmed.