## KANE v. UNION OF SOVIET SOCIALIST REPUBLICS et al.

### No. 499.

United States District Court
E. D. Pennsylvania.

March 27, 1950.

Freedman, Landy & Lorry, Philadelphia, Pa., for libellant.

Rawle & Henderson, Philadelphia, Pa., for respondent Haenn Ship Ceiling & Refitting Corp.

McGRANERY, District Judge.

On November 30, 1949, this libel was filed against several respondents to recover damages for personal injuries alleged to have been sustained by libellant on January 4, 1946, while performing the services of a longshoreman aboard the vessel S. S. Michael Kutuzof in the Port of Philadelphia. The Haenn Ship Ceiling and Refitting Corporation, one of the respondents, has

filed a peremptory exception to the libel on the ground of laches.

■ The equitable doctrine of laches, which is applied by district courts sitting in admiralty (see Benedict on Admiralty, vol. 3, page 290 and cases cited) " 'is not, like limitation, a mere matter of time; but principally a question of the inequity of permitting the claim to be enforced,— an inequity founded upon some change in the condition or relations of the property or the parties.' Galliher v. Cadwell, 145 U.S. 368, 373, 12 S.Ct. 873, 36 L.Ed. 738; see Southern Pacific Co. v. Bogert, 250 U. S. 483, 488–489, 39 S.Ct. 533, 63 L.Ed. 1099." Holmberg v. Armbrecht, 327 U.S. 392, 396, 66 S.Ct. 582, 584, 90 L.Ed. 743, 162 A.L.R. 719. " 'Laches consists of two elements, inexcusable delay in instituting suit and prejudice resulting to the defendant from such delay. Its existence depends upon the equities of the case, and not merely upon lapse of time.' United States v. Alex Dussel Iron Works, Inc., 5 Cir., 1929, 31 F.2d 535, 536." Loverich v. Warner Co., 3 Cir., 1941, 118 F.2d 690, 693.

■ Courts of admiralty, however, frequently follow the analogy of state statutes of limitations in determining whether claimants are barred by laches. In Pennsylvania the statute of limitations pertaining to actions to recover damages for personal injuries is two years. 12 P.S. § 34. Inasmuch as the libel in this case was not filed until nearly four years after the accident and the libellant offers no excuse or explanation for the delay, the first element of laches may be taken as established.

To establish the element of prejudice resulting from the delay, respondent relies upon a line of cases decided by the Court of Appeals for the Second Circuit, to the effect that delay beyond the analogous statutory period gives rise to a presumption of prejudice. Redman v. U. S., 2 Cir., 176 F.2d 713; The Sydfold, 2 Cir., 86 F.2d 611; Hughes v. Roosevelt, 2 Cir., 107 F.2d 901; see also, McGrath v. Panama R. Co., 5 Cir., 298 F. 303. Under the rule of those cases, where delay beyond the analogous statutory period is disclosed by the libel itself, the burden is on the libellant to plead and prove facts negativing laches, and detriment to the adverse party is presumed unless the contrary is "shown". The Court of Appeals for the Third Circuit has not passed directly on this point, but see Steaua Romana Societate Anonima Pentru Industria Petroleum of Bucharest v. Woodman, D.C.E.D.Pa.1931, 2 F.Supp. 303, 313.

■ The employment of a presumption of prejudice would seem to be something of a departure from the general rule that laches is an affirmative defense with the burden upon the defendant to prove injury or damage resulting from the delay. See Farmers' Bank of McSherrystown v. Halsey, Stuart & Co., 3 Cir., 1927, 21 F.2d 818. But there is a distinction between the general equitable doctrine of laches and the doctrine of laches in admiralty where the courts are wont to follow the analogy of the statute of limitations. The distinction is not conceptual but practical, and it is certainly evident where the suit is a libel by a longshoreman resident in the district against a contracting firm which has been available for suit in the district during the whole period of the unexplained delay. An injured longshoreman suing a shipowner or contractor in a court of admiralty is not entitled to the same indulgence for his delay in seeking redress as is a seaman whose occupation carries him "beyond sea" for the greater part of his time. The libellant complains that the presumption places an extraordinarily heavy burden upon him, in that the respondent, if he has been prejudiced by the delay, is in a much better position to demonstrate that fact than the libellant is to demonstrate the contrary where the respondent has not in fact been prejudiced. It must be conceded that the libellant's position, under the presumption, is a difficult one, but the difficulty flows from his own inexcusable delay. If the presumption has the practical effect of emphasizing delay and de-emphasizing prejudice in the laches formula, then it must be taken as the judgment of the court that the facts of the case warrant such a treatment. But, in any event, it cannot be said that the presumption is an unreasonable one. A delay of almost four years would, in all probability,

so obscure the original transaction in the minds of witnesses, assuming their availability, that the ascertainment of the precise facts might be an impossible task for the respondent. See Steaua Romana Societate Anomina Petru Industria Petroleum of Bucharest v. Woodman, supra. It is true that the analogy to the statute of limitations "is only an analogy and not a rule." Loverich v. Warner, supra, 118 F.2d at page 693. But taking all the facts of this case into consideration, I believe that the analogy should be strictly applied. The fact that the alleged negligence occurred on a ship in port instead of ashore does not seem to me to be reason enough for granting the libellant indulgence for his delay, in the discretion of a court applying principles of equity.

Accordingly, I am constrained to follow the doctrine of Redman v. U. S., supra, and the peremptory exception of the respondent will be sustained, but without prejudice to the libellant's filing an amended libel and complaint within twenty days, pleading facts negativing laches.