**McCHRISTIAN v. LYKES BROS. S. S. CO., Inc.**

No. 894.

United States District Court
S. D. Texas, Houston Division.

Oct. 12, 1950.

Combs, Brown & Brock, W. A. Combs, of Houston, Tex., for libellant.

Royston & Rayzor, Robert Eikel, of Houston, Tex., for respondent.

Fulbright, Crooker, Freeman & Bates, Eugene Cavin, of Houston, Tex., for intervenor, Texas Employers' Ins. Ass'n.

KENNERLY, Chief Judge.

On June 2, 1949, libellant Ernest McChristian, a longshoreman, filed this suit in admiralty for damages against respondent Lykes Brothers Steamship Company, Incorporated, owner of the Steamship Cape Kildare. He alleges that he was on or about January 2, 1947, a longshoreman in the employ of the Southern Stevedoring Company, and while engaged in loading such steamship was, because of the negligence of respondent, injured and that he suffered damages in the sum of $60,000. On October 6, 1949, the Texas Employers' Insurance Association intervened, seeking to have awarded to it a part of any judgment which libellant may recover against respondent. Intervenor claims to have paid libellant compensation for such injury under the Longshoremen's and Harbor Workers' Compensation Act, Title 33 U.S.C.A. § 901 et seq. In its answer, respondent pleads laches, in that more than two years (i. e., January 2, 1947, to June 2, 1949, 29 months) elapsed after the alleged injury before the filing of this suit.

The case has been heard and submitted upon the issue of laches. It appears that soon after the date of the alleged injury, intervenor began paying libellant compensation under such Compensation Act, and up to April 14, 1949, had paid him $3895 in cash and in addition furnished him $632

150

medical attention. When on April 14, 1949, such payments of compensation ceased, libellant consulted the counsel who bring this suit and this suit was filed June 2, 1949.

To excuse libellant from not earlier filing this suit, there is no claim that libellant was in any way prevented from sooner doing so. The claim is that he could neither read nor write and that because of his injury "he was able to get about only with difficulty" and that he was not informed by anyone of the provisions of Section 933 of such Act, and did not know of his right to bring this suit until informed thereof by the counsel who represent him here about April 14, 1949.

Since he was receiving compensation from intervenor for more than two years under such Act, was a member of a labor union, and though uneducated is above the average in intelligence, I have an idea that from some source, i. e., some representative of intervenor, or some member of his union, he did learn of his rights. Section 923 of the Act requires, and it is made the duty of, the Deputy Commissioner, in determining the liability of an employer for compensation, to make such investigation or inquiry or conduct such hearing in such manner "as to best ascertain the rights of the parties." The "rights of the parties" would, I take it, include the rights of an employee against third persons under Section 933. Presumably the Deputy Commissioner made these investigations and inquiries and ascertained the rights of all interested parties, including libellant, and informed them of what he ascertained. Certainly this Court will not assume and conclude that he did not do so. In addition, it appears that this suit was not filed until nearly two months after it is admitted that libellant was informed fully by his counsel of his rights.

■■ Applying now the law. The correct rule applicable here is laid down I think in McGrath v. Panama Ry. Co., 5 Cir., 298 F. 303, and the more recent cases of Redman v. United States, 2 Cir., 176 F.2d 713, and Kane v. Union of Soviet, D.C.Pa., 89 F.Supp. 435, where it is held that Courts of Admiralty, in applying the doctrine of laches, will customarily follow the analogy of the State Statute of Limita-

tion, and if the claim would be barred under such Statute, will hold the claim barred in Admiralty unless the claimant shows special circumstances that excuse the existing delay. Further, the rule is that it will be presumed that delay in bringing suit caused injury to the party sued unless the contrary is shown.

■ Applying here the analogy of the Texas Two Year Statute of Limitation, Article 5526, Vernon's Texas Civil Statutes, the claim of libellant is held barred, and judgment will enter for respondent.

Let decree be drawn and presented.