**PHELPS et al. v. THE CECELIA ANN.**
No. 6474.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 17, 1952.

Decided Nov. 5, 1952.

R. E. Whitehurst, New Bern, N. C., for appellants.

LeRoy Scott, Washington, N. C., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from a decree in admiralty dismissing on the ground of laches a libel and intervening libel filed against the motor boat "Cecelia Ann" for materials, labor and repairs in the amount of $361.67 and $423.67 respectively. The materials, labor and repairs were furnished in July 1949. The libel and intervening libel were filed more than two years later. At the time the repairs were made and the labor and materials furnished, the boat was the property of one Burrus. It was sold to the present owner, who paid full value for it with no knowledge or notice of any outstanding claims, seven months before the libels were filed. The District Judge held that the delay in asserting the claims constituted laches which would bar recovery in view of the fact that in the meantime the boat had been acquired by an innocent purchaser. We think that this holding was unquestionably correct.

It is provided by the law of North Carolina, where all of the transactions occurred, that proceedings to establish a lien for labor or materials furnished in repairing property must be instituted within a period of six months. General Statutes of North Carolina ch. 44, secs. 38 and 39. The District Judge properly held that these statutory provisions were not binding on an admiralty court in a proceeding to establish a lien for labor and materials furnished in the repair of a vessel but that the limitations which they prescribed could be considered by the admiralty court in applying the doctrine of laches. See Norfolk Sand & Cement Co. v. Owen, 4 Cir., 115 F. 778; Nolte v. Hudson Nav. Co., 2 Cir., 297 F. 758, 764; The Portchester, 2 Cir., 56 F.2d 579; The Mendotta II, D.C., 13 F.Supp. 1019; Robinson on Admiralty p. 398.

In the case at bar, not only had libellants not acted within the six months limited by the state statute for perfecting and enforcing a lien for labor and materials, but they had delayed action for more than two years and until after the rights of a bona fide purchaser without notice had intervened. Under such circumstances it is perfectly clear that libellants are barred by their laches from enforcing the lien. As said by Mr. Justice Miller in The Key City, 14 Wall. 653, 660, 20 L.Ed. 896, the following propositions are well established with respect to the lapse of time as a defense to suits for enforcement of maritime liens, viz.:

"1. That while the courts of admiralty are not governed in such cases by any statute of limitation, they adopt the principle that laches or delay in the judicial enforcement of maritime liens will, under proper circumstances, constitute a valid defence.

"2. That no arbitrary or fixed period of time has been, or will be, established as an inflexible rule, but that the delay which will defeat such a suit must in every case depend on the peculiar equitable circumstances of that case.

"3. That where the lien is to be enforced to the detriment of a purchaser for value, without notice of the lien, the defence will be held valid under shorter time, and a more rigid scrutiny of the circumstances of the delay, than

when the claimant is the owner at the time the lien accrued."

In Norfolk Sand & Cement Co. v. Owen, supra, 4 Cir., 115 F. 778, delay of fourteen or fifteen months in instituting suit to enforce a lien for repairs on a vessel was held such laches as would bar enforcement against an innocent purchaser. In The Everosa, 1 Cir., 93 F.2d 732, one year was held sufficient; in the The Grace Darling, D.C., 18 F.2d 587, fifteen months; in The Boise Penrose, D.C., 15 F.2d 70, two years; in The Algonquin, D.C., 88 F. 318, 319, seven months; in The Lyndhurst, D.C., 48 F. 839, one year; in The Jasper, Fed.Cas.No. 17,898, ten months; in The Eliza Jane, Fed. Cas.No.4,363, six months. In the case of The Lyndhurst, supra, Judge Addison Brown quotes with approval the following statement of the rule by Judge Wallace in The Bristol, C.C., 20 F. 800: "Admiralty denies the privilege of enforcing a lien which has been suffered to lie dormant without excuse until the rights of innocent third persons would be prejudiced if it should be recognized." [48 F. 840]

No excuse was given for the delay in enforcing the lien in this case except that the original owner of the vessel had served a year in prison; but this is manifestly not a matter which either excuses delay in enforcing the lien or impairs in any way the rights of the innocent purchaser. There is no reason why we should not apply the rule so well stated half a century ago by this court, speaking through Judge Brawley in Norfolk Sand & Cement Co. v. Owen, supra, as follows [115 F. 780]:

"While no fixed or arbitrary rule has been established which would be of universal application, the governing principle which has been applied in most of the cases that have been examined, and which seems consonant with natural justice and equity, is that wherever a secret lien is sought to be established upon a vessel which has passed into the possession of a bona fide owner who was ignorant of its existence, and who had no reasonable opportunity to discover it, the court will make rigid scrutiny of the circumstances of the delay, and if there has been

reasonable time to enforce the lien, and the vessel has been within reach of process, the party neglecting to avail himself of it will not be allowed to enforce it to the prejudice of an innocent third party. The diligence demanded must accord with the circumstances of each case and existing opportunities, and a court of admiralty will refuse its aid in the enforcement of the lien if, under the same circumstances, a court of equity would do so, a change of circumstances affecting the rights and conditions of the parties being more considered than mere lapse of time."

For the reasons stated the decree of the District Court dismissing the libel and the intervening libel will be affirmed.

Affirmed.