**ALLRED et al.**

v.

**AMERICAN PRESIDENT LINES.**

United States District Court,
S. D. New York.

Sept. 29, 1953.

Jacob Rassner, New York City, for libelants.

J. Edw. Lumbard, U. S. Atty., New York City, for respondent.

NOONAN, District Judge.

The respondent's exception to the amended libel in this suit was heard and partially determined in open court. At that time, the first alleged cause of action was dismissed and the second alleged cause of action was dismissed as to the administratrix of the estate of the deceased seaman. This leaves exceptions to the second alleged cause of action remaining to be considered at this time with respect to all the libelants except the aforesaid administratrix.

---

This is an action in admiralty for unseaworthiness predicated upon the General Maritime Law. The respondent excepts to the amended libel on the ground that it does not state facts sufficient to constitute a cause of action, and on the further ground of lack of jurisdiction over the respondent by virtue of the failure of the libelants to institute suit within three years after their repatriation and return to the United States.

Libelants' reply to the exceptive allegations asserts that there can be no statute of limitations applied to an admiralty proceeding such as this, but rather that the doctrine of laches applies.

In an order dismissing the original libel, Judge McGohey specifically granted leave to the libelants to file an amended libel so that they might show what facts, if any, they are relying on to prove that the statute of limitations would be tolled as to them. The paragraph of the amended libel numbered "Twentieth" obviously is their attempt to set out such facts.

Other changes in the amended libel consist generally of a switch from reliance on the Jones Act to reliance on the General Maritime Law. Thus the matter of laches is clearly in issue. The three year New York State personal injury statute referred to is not applicable as such, but may properly be applied by analogy as a yardstick to determine whether the suit was brought within a reasonable time. The libelants have asserted several reasons for extending the time which must be considered in determining whether the action was timely brought or inexcusably delayed.

■ Detriment to the adverse party is presumed from delay for the statutory period unless the contrary is shown; it is incumbent on the libelant to show facts negating laches or tolling the statute. Redman v. U. S., 2 Cir., 176 F.2d 713; Schiavone-Bonomo Corp. v. Buffalo Barge Towing Corp., 2 Cir., 132 F.2d 766; McChristian v. Lykes Bros., D.C., 94 F.Supp. 149.

■ While no conclusive showing has been made at this time of facts sufficient to extend the time within which the court would consider institution of suit timely, we do not feel that the libelants should be precluded from submitting such proof on the trial of the action.

Disposal of the above arguments leaves us with two remaining contentions for our consideration. One is that of the question of damages.

Respondent maintains that the issue is res judicata because of a phrase in the opinion of the U. S. Court of Appeals for the 9th Circuit on the appeal of the case of Agnew v. American President Lines, D.C., 73 F.Supp. 944, affirmed 177 F.2d 107, certiorari denied 339 U.S. 951, 70 S.Ct. 838, 94 L.Ed. 1364, stating 177 F.2d at page 110, " * * * though their bodies are not shown to have been injured * * *." In view of the nature of the entire action in the Agnew case, we do not agree that that phrase necessarily constituted a decision on the merits that the libelants did not suffer any injuries.

■ The last question is whether the amended libel states a cause of action. Insofar as the libelants allege in the amended libel that they sustained injuries when captured, and that the capture was caused by the unseaworthiness of the vessel, they state a cause of action.

When a seaman alleges that he has been injured as a consequence of the unseaworthiness of the ship, he states a cause of action according to general maritime law.

Accordingly, respondent's exceptive allegations are overruled and dismissed, and the respondent is hereby directed to answer the amended libel.

Settle order.