### WILSON
v.
### EDWARDS TRANSP. CO.
No. 1220.

United States District Court
S. D. Texas, Houston Division.

Dec. 1, 1953.

Supplemental Opinion March 2, 1954.

Mandell & Wright, Otto J. Weber, Jr., Houston, Tex., for libellant.

Clarence S. Eastham, Dan H. Hinds, Houston, Tex., for respondent.

KENNERLY, Chief Judge.

This is a proceeding in Admiralty by libellant, Matt Wilson, against respondent, Edwards Transportation Company, doing business as "Oceanic Foods." Libellant alleges that he was on or about *January 17, 1951*, employed as a longshoreman by Portland Stevedoring Company, of Portland, Oregon. That on that date, he was injured while engaged in "loading and/or unloading" cargo from the Steamship Oceanic No. 5, owned and operated by respondent. That such injury occurred at Astoria, in the State of Oregon.

He alleges that such injuries were caused by the unseaworthiness of the Steamship Oceanic No. 5, and the negligence of her master, owners, and operators in certain particulars which he sets forth. He alleges that by reason of such injuries, he has been damaged in the sum of $108,500, for which he prays Judgment, etc.

Since this suit was filed, *September 4, 1953*, several months more than two years after the date of the alleged injury (*January 17, 1951*), libellant apparently anticipating that respondent would plead the Texas two-year statute of limitation, Vernon's Ann.Civ.St. art. 5526, sets forth in Paragraph VIII of his Amended Libel, filed *November 2, 1953*, the reasons for the delay in filing this suit. Respondent by exceptions filed *November 9, 1953*, moves to dismiss, claiming that the reasons so stated are insufficient.

**1.** Citing McChristian v. Lykes Bros. S.S. Co., D.C., 94 F.Supp. 149, 150, and cases there cited and referred to,[1] respondent says that libellant must not only allege and prove facts which excuse the delay, but must show that respondent was not injured by the delay. Also that in the absence of proof of no injury, injury will be presumed.

Clearly the rule is as stated, and the inquiry now is whether libellant has alleged reasons for the delay and has sufficiently alleged that there was no injury to respondent, etc.

The only part of libellant's pleadings which deals with that question is Paragraph VIII of Libellant's Amended Libel (filed November 2, 1953). Paragraph VIII is as follows (italics supplied):

"As reason for the delay of the Libellant in filing his claim for more than two (2) years after January 17, 1951, Libellant would show this Honorable Court the following facts and circumstances: Libellant says that he sustained a serious and disabling injury to his back which caused him to be hospitalized *for a period of time following the date of injury*. He has consulted doctors frequently since that time and because of concern and worry over his physical condition and his inability to earn a living *he has suffered from a loss of ability to manage his own affairs in the way in which he did formerly*. His personality has undergone changes, and his *wife has had to take care of some of the business matters which Libellant was able to do before*. He still remains under the care of physicians and *is disabled from performing the heavy type of manual work which he did prior to this accident*, all of which facts will be brought to the atten-

---

1. McGrath v. Panama Ry. Co., 5 Cir., 298 F. 303; Redman v. United States, 2 Cir., 176 F.2d 713; Kane v. Union of Soviet, D.C., 89 F.Supp. 435.

tion of this Honorable Court in detail at the time of trial, and Libellant says that they constitute equitable and just reasons why the Texas Statute of Limitations should not apply to this case and why this Honorable Court, in the exercise of its discretion and admiralty jurisdiction, should determine that the delay herein has been excusable *and there has been no change in the position of the Respondent to its detriment.*"

It will be observed from the italicized portion of Paragraph VIII that libellant's allegations with respect to the reasons for the delay are very indefinite. For instance, he alleges that he was caused by his injuries to be hospitalized for a period of time following the injury, but he does not say how long. He says that he has consulted doctors frequently since his injury, and because of concern and worry over his physical condition and his inability to earn a living, that he has not been able to manage his own affairs in a way which he did formerly. This too is quite indefinite. He says that his personality has undergone changes and that his wife has had to take care of some of the business matters which he was able to do before the injury. This too is quite indefinite. He says that he still remains under the care of physicians and is disabled from performing the heavy type of manual work which prior to the accident he could perform, but he does not show how this prevented him from bringing this suit.

With respect to whether or not respondent was injured by the delay in bringing the suit, he simply says that there has been no change in the position of respondent to its detriment.

My conclusion is that libellant's libel is insufficient, and that it should be dismissed, unless libellant shall, within twenty days, amend his libel, setting forth sufficient reasons for the delay, and showing how such delay has not injured respondent.

Let appropriate order be drawn and presented.

### Supplemental Opinion

In this case it was held in memorandum filed that libellant not only did not in his pleadings allege facts which excuse him from filing this suit within the two-year period of the Texas limitation statute, but that he did not allege that respondent was not injured by his delay. See memorandum filed December 1, 1953.

Libellant, however, was permitted to file amended pleadings, and he filed on January 20, 1954, his Second Amended Libel. Similar exceptions by respondent were on February 3, 1954, filed against such amended pleadings, and this is a hearing thereon.

I conclude:

■ (a) That the Texas two-year statute of limitation is applicable and not the Oregon statute, and that libellant's claim is cut off thereby.

(b) That libellant does not allege in his Amended Libel facts which excuse him from filing his suit within said two-year period.

(c) That libellant does not allege facts which show that respondent was not injured by failure to file such suit.

Libellant's suit is, therefore, dismissed. Gardner v. Panama R. R. Co., 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31; Kane v. Union of Soviet, 3 Cir., 189 F.2d 303; McGrath v. Panama Ry. Co., 5 Cir., 298 F. 303. Redman v. United States, 2 Cir., 176 F.2d 713; The Sydfold, 2 Cir., 86 F.2d 611. Aetna Cas. & Sur. Co. v. Rhine, 5 Cir., 152 F.2d 368; Pacific Employers Ins. Co. v. Oberlechner, 5 Cir., 161 F.2d 180; Morales v. Moore-McCormack, D.C., 109 F.Supp. 585; Id., 5 Cir., 208 F.2d 218; McChristian v. Lykes Bros. S.S. Co., D.C., 94 F.Supp. 149.

Let appropriate order be drawn and presented.