Anthony WNUCZWNSKI

v.

ARGONAUT NAVIGATION COMPANY,
Limited, a body corporate.

No. 3697.

United States District Court
D. Maryland.

April 13, 1955.

Jacob Rassner, New York City, and Sol C. Berenholtz, Baltimore, Md. (Solomon Kaplan, Baltimore, Md., advocate), for libelant.

Ober, Williams, Grimes & Stinson, Baltimore, Md. (Randall C. Coleman, Jr., Baltimore, Md., advocate), for respondent.

THOMSEN, District Judge.

On October 29, 1954, libelant filed in this court a libel in personam against respondent in an action of tort, civil and maritime, with a writ of foreign attachment, under which the S. S. Argovan was seized in Baltimore Harbor, in this district. The libel alleged that on July 9, 1948, while libelant, an invitee, was boarding the S. S. Argojohn in the port of Jersey City, New Jersey, to work thereon as an employee of the McGrath Stevedoring Co., he was injured when a line securing the gangway parted and the gangway was dislodged. Libelant based his claim on negligence and unseaworthiness. The libel also alleged that libelant had not been guilty of an unreasonable or inexcusable delay in bringing the action, set out certain facts to explain the delay, and alleged that respondent had not been prejudiced thereby.

Respondent, as claimant of the vessel seized, filed exceptions to the libel on the ground of laches, and filed an affidavit

showing how many times the S. S. Argojohn, the S. S. Argovan, the S. S. Argobec, and the S. S. Argofax, all owned by respondent, had touched at New York, Baltimore, and other ports along the eastern seaboard, between July, 1948, and October, 1954.

At the hearing on the exceptions, counsel differed in their recollection as to the former practice in this district in such cases, as well as in their ideas of the proper practice. In view of the general interest shown in the problem, I held an informal hearing at which most members of the local admiralty bar were present or represented. They discussed the questions: whether a libelant should ever be required to allege in the libel reasons for any long delay in bringing suit and/or facts showing that the respondent was not prejudiced by such delay; whether the issue of laches should ever be determined on the pleadings; and what effect should be given to exceptive allegations and affidavits in support thereof. There was substantial agreement that no inflexible rule should be adopted, but that the method of dealing with the issue of laches should depend upon the facts, the pleadings, and other circumstances in each case.

In the instant case libelant's advocate did not dispute the facts set out in respondent's affidavit, but stated that he could strengthen the allegations explaining the delay, and, with leave of court, filed an amended libel, to which respondent filed new exceptions and exceptive allegations, including the aforesaid affidavit. Both sides have filed elaborate briefs covering all phases of the issue.

The most recent statement of the Supreme Court on laches in admiralty is in Gardner v. Panama Railroad Co., 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31, where the court said:

"Though the existence of laches is a question primarily addressed to the discretion of the trial court, the matter should not be determined merely by a reference to and a mechanical application of the statute of limitations. The equities of the parties must be considered as well. Where there has been no inexcusable delay in seeking a remedy and where no prejudice to the defendant has ensued from the mere passage of time, there should be no bar to relief." 342 U.S. at pages 30, 31, 72 S.Ct. at page 13.

Whether a claim is barred by laches, therefore, must depend upon the facts and circumstances of each case. Both elements—inexcusable delay and prejudice—are usually present in a case of laches; but prejudice is presumed from unreasonable delay, and if the delay is sufficiently long, prejudice may be conclusively presumed. On the other hand, even though libelant may have some excuse for the delay, respondent's prejudice may be so clear and so great that it would be inequitable to permit libelant to press his claim.

In cases where the libel was filed after the time when an action at law would have been barred by limitations, appellate and trial courts in the Second, Third and Fifth Circuits have required libelants to allege and prove that the delay was excusable and that there was no prejudice to respondents. Marshall v. International Merchantile Marine Co., 2 Cir., 39 F.2d 551; The Sydfold, 2 Cir., 86 F.2d 611; Hughes v. Roosevelt, 2 Cir., 107 F.2d 901; Redman v. U. S., 2 Cir., 176 F.2d 713; Kane v. U. S. S. R., 3 Cir., 189 F.2d 303, certiorari denied 342 U.S. 903, 72 S.Ct. 292, 96 L.Ed. 676; McGrath v. Panama R. Co., 5 Cir., 298 F. 303; Morales v. Moore-McCormack Lines, 5 Cir., 208 F.2d 218; Tesoriero v. A/S Mowinckels, D.C.S.D.N.Y., 113 F.Supp. 544, 1953 A.M.C. 1444; Wilson v. Edwards Transportation Co., D.C.S.D. Tex., 120 F.Supp. 742, 1954 A.M.C. 511; Id., D.C., 120 F.Supp. 742, 1954 A.M.C. 690. A number of these cases were dismissed on exceptions to the libel.

There is no Fourth Circuit case directly in point; cf. Norfolk Sand & Cement Co. v. Owen, 4 Cir., 115 F. 778; Standard Transp. Co. v. Wood Towing Corp. (The Tiger), 4 Cir., 64 F.2d 282; Phelps v. The Cecelia Ann, 4 Cir., 199

F.2d 627. But it seems proper, where the analogous period of limitations has expired, to require libelant to allege facts excusing the delay; and, since there is a presumption of prejudice from unreasonable delay, libelant should deny such prejudice. However, since the facts showing prejudice to respondent may not be known to libelant, such an allegation is all that should ordinarily be required in the libel, and respondent should allege in its answer the facts upon which it relies to show prejudice.

Some cases may be disposed of on exceptions to the libel. In other cases, it may be desirable to have a preliminary hearing on the issue of laches, with the facts presented by testimony in open court, by depositions, by stipulation, or, if the parties agree, by affidavits. It is "quite out of accord with established principles" to dispose of admiralty cases on affidavits unless the parties agree that they should be used. The Sydfold, 2 Cir., 86 F.2d 611, 612. In many cases the issue of laches should be decided only after a trial on the merits of the whole case.

Exceptive allegations are useful in a limited class of cases. As stated in 2 Benedict on Admiralty, 6th Ed. (A. W. Knauth) p. 649, sec. 334:

"* * * if there be any single fact on which the respondent chooses to rely as a bar to the libelant's demand, as a prior judgment or decree, or release, an accord and satisfaction, a forfeiture, or the like, he may set it up alone and put his case on that issue. The exceptive allegation is a pleading primarily designed to bring to the attention of the court some fact or circumstance not appearing upon the face of the libel but constituting in itself a complete bar to recovery. The practice, as recognized in our earlier reports, has from time to time been exemplified and has been much used by the government in bringing before the court jurisdictional questions under the Suits in Admiralty Act [46 U.S.C.A. § 741 et seq.].

Facts judicially known to the court but not appearing on the face of the pleading may be brought up by exceptive allegations attached to exceptions."

In this case the exceptions, the exceptive allegations, and respondent's supplemental letter brief, deny a number of facts alleged in the libel, explain a number of those facts, and allege a number of additional facts tending to show that the delay was unreasonable and inexcusable.

After considering all of the relevant factors, I conclude that in this case there should be a preliminary hearing on the issue of laches, at which both parties should present, in some proper way, all of their evidence on that issue.

It is so ordered.