**Aniano Cruz GONZALES, Libellant-Petitioner,**

v.

**Panamanian THE ARCHANGELOS, formerly the Honduran S/S Dolly Madison, etc., et al., Respondents.**

No. 213.

United States District Court
E. D. Virginia, Newport News Division.
Nov. 8, 1955.

**664**

Morewitz & Morewitz, J. L. Morewitz, Newport News, Va., for petitioner.

Seawell, Johnston, McCoy & Winston, John W. Winston, Jr., Norfolk, Va., for respondents.

HOFFMAN, District Judge.

Libellant's action, if any, is alleged to have accrued on October 2, 1947, at the time libellant was discharged from the Honduran S/S Dolly Madison. This suit was instituted on March 24, 1955, approximately seven and one-half years later. The claim is based upon wages alleged to be due, together with "waiting time" stated to have accrued since October 2, 1947. Respondents assert that the action is barred under the doctrine of laches.

■ It is perfectly clear that laches should be applied in the instant case. The libel asserts no reason why the action was not previously instituted and, while libellant insists that the burden is upon the respondents to "show prejudice", this rule is not applicable when the libel discloses on its face that the statute of limitations has already run. It is fundamental that, in applying the doctrine of laches, courts of admiralty generally follow the analogy of the state statute of limitations and hold that the claim is barred unless the libellant shows special circumstances excusing the delay. When the delay is apparent on the face of the pleading, it is incumbent upon the libellant to plead and prove facts negativing laches or tolling the statute of limitations. Redman v. United States, 2 Cir., 176 F.2d 713; The Sydfold, 2 Cir., 86 F.2d 611; Hughes v. Roosevelt, 2 Cir., 107 F.2d 901.

■ Detriment to the adverse party may be presumed from delay shown on the face of the pleading in the absence of proof to the contrary. McGrath v. Panama R. Co., 5 Cir., 298 F. 303; Marshall v. International Mercantile Marine Co., 2 Cir., 39 F.2d 551; McChristian v. Lykes Bros., D.C., 94 F.Supp. 149.

■ No request has been made for leave to amend the libel, and no suggestion has been advanced with respect to the cause of delay. Aside from the possible application of the Virginia "borrowing statute", Sec. 8–23, Code of Virginia 1950, the ordinary period for the statute of limitations would be five years assuming, of course, the execution of a written agreement of employment. Applying the full equivalent of the statute of limitations, the action is clearly barred. If libellant purports to rely upon any exception contained in the law of Honduras (the flag of the vessel), it is incumbent upon libellant to prove the same for the purpose of the hearing on the question of laches.

Proctors for respondents will prepare a final decree sustaining the plea of laches and dismissing the libel. After presentation to proctors for libellant for the purpose of inspection, the proposed decree shall be submitted to the Court for entry.