See also, 125 F.Supp. 677.

Oliver DAVIS, t/a Oliver Davis Wholesale Seafood Distributor, Libellant,

v.

U. S. Gas Screw THE NOLA DARE, her tackle, apparel, engines, and furniture, Respondent.

No. 208.

United States District Court
E. D. North Carolina,
New Bern Division.

Dec. 17, 1957.

Wiley H. Taylor, Jr., Beaufort, N. C., for libellant.

George Rountree, Jr., Wilmington, N. C., for respondent.

GILLIAM, District Judge.

■ Libellant instituted this libel in rem to recover $715.24 due for certain supplies and materials furnished to the vessel and its owner, Delmas Willis, during the period from March 15, 1950 to October 6, 1950.

On June 21, 1951, Willis sold and transferred the vessel to Ivey Lewis, Jr., who is now her owner; before such purchase Lewis made diligent effort to discover whether the vessel was subject to any maritime lien by inquiring of Willis, from whom he bought, at the Customs

House, Port of Wilmington, N. C., where the vessel was documented, and in other quarters, and learned of no such liens; he purchased the vessel in good faith without knowledge of libellant's claim and without any reason to believe that such existed.

The supplies and materials claimed by libellant to have been furnished were in fact furnished to and used aboard the Nola Dare and libellant should have his lien unless barred by his laches in asserting it.

At all times involved the vessel was within the Eastern District of North Carolina and subject to the jurisdiction of this Court, but this libel was not instituted until July 14, 1952, approximately thirteen months after the vessel was purchased by Lewis, which occurred on June 21, 1951, and approximately twenty-one months after the claim became due. The purchase by Lewis was more than eight months after such claim became due.

In the Court's view it would be inequitable to require the present owner to pay this claim, of which he had no notice when he bought the Nola Dare, in view of the delay by libellant in taking steps to enforce his lien against the vessel.

While state statutory provisions of limitation do not bind the Court in this proceeding, it is proper to consider them in applying the principle of laches. Phelps v. The Cecelia Ann, 4 Cir., 199 F.2d 627. N.C.G.S. Ch. 44, Sections 38 and 39, provide that a proceeding to establish a lien for labor or materials furnished to personal property must be brought within a period to six months. Here there was a delay of twenty-one months.

The Cecelia Ann, in my opinion, settles this case against libellant. The delay in that case, it is true, was for more than two years, while here for only twenty-one months, but under the principle announced there and in other cases I hold that a delay of twenty-one months, under the facts here, establishes laches which bars recovery. In the Cecelia Ann, at page 628, Chief Judge Parker wrote for the Court:

"In the case at bar, not only had libellants not acted within the six months limited by the state statute for perfecting and enforcing a lien for labor and materials, but they had delayed action for more than two years and until after the rights of a bona fide purchaser without notice had intervened. Under such circumstances it is perfectly clear that libellants are barred by their laches from enforcing the lien. As said by Mr. Justice Miller in The Key City, 14 Wall. 653, 20 L.Ed. 896, the following propositions are well established with respect to the lapse of time as a defense to suits for enforcement of maritime liens, viz.:

" '1. That while the courts of admiralty are not governed in such cases by any statute of limitation, they adopt the principle that laches or delay in the judicial enforcement of maritime liens will, under proper circumstances, constitute a valid defence.

" '2. That no arbitrary or fixed period of time has been, or will be, established as an inflexible rule, but that the delay which will defeat such a suit must in every case depend on the peculiar equitable circumstances of that case.

" '3. That where the lien is to be enforced to the detriment of a purchaser for value, without notice of the lien, the defence will be held valid under shorter time, and a more rigid scrutiny of the circumstances of the delay, than when the claimant is the owner at the time the lien accrued.' "

The libel is dismissed and the claimant-respondent will recover costs.