252 F.2d 289
 Joe NELSON, Appellant,
v.
THE British S.S. CITY OF LILLE, her boats, engines, tackle, etc., W. A. Owen, a non-resident, as Master, and Ellerman Lines, Ltd., and Hall Line, Ltd., both foreign corporations or associations, as Owners and/or Operators of The City of Lille, Appellees.
 No. 7571.
 United States Court of Appeals Fourth Circuit.
 Argued January 22, 1958.
 Decided February 18, 1958.
 
 Jacob L. Morewitz, Newport News, Va. (Morewitz & Morewitz, Newport News, Va., on memorandum), for appellant.
 Edward R. Baird, Norfolk, Va., for appellees.
 Before PARKER, Chief Judge, and SOBELOFF and HAYNSWORTH, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal in a suit filed by a longshoreman against a vessel, her master and owner, to recover damages for personal injuries. The injuries were alleged to have been sustained October 31, 1952, and the libel was filed November 23, 1955 after the running of the Virginia Statute of Limitations, Code 1950, § 8-24. The court sustained exceptions to the libel based on laches but allowed libellant to file an amended libel for the purpose of excusing, if he could, the delay in filing. The amended libel was filed, but merely alleged in general terms that there had been no inexcusable delay and that respondents had not been prejudiced by the delay that had occurred, without alleging facts which would justify the delay. The judge then sustained the exceptive allegations and this appeal followed. No brief was filed by appellant and motion was made to dismiss the appeal on that ground. Appellant filed motion to remand the case to the District Court and seeks to justify failure to file brief on the ground that motion to remand had been filed. There was no reason to remand the case which had been dismissed on exceptions to the libel, and no reason why appellant should not have complied with the rule as to filing of briefs. Furthermore, the appeal seems to be entirely lacking in merit (See Gonzales v. Archangelos, 4 Cir., 245 F.2d 412, affirming, D.C., 135 F.Supp. 663); and there is no reason for us to overlook failure to comply with our rules.
 
 
 2
 Appeal dismissed.