WATERWAYS MARINE, INC., a corporation, and Waterways Oil Co., Inc., a corporation, Plaintiffs,

v.

BROOKS LIQUID TRANSPORT, INC., a corporation, and the M/V EDDIE B. ex M/V LINDA BROOKS, its engines, tackle, apparel, furnishings, etc., Defendants,

Calumet Marine Towing Corp., a corporation, Claimant-Defendant,

Edward H. Barnaby, Respondent.

No. 67 C 1254.

United States District Court
N. D. Illinois, E. D.

Nov. 6, 1968.

Lord, Bissell & Brook, Chicago, Ill., for plaintiffs.

John W. McMurray, of Bradley, Eaton, Jackman & McGovern, Chicago, Ill., for claimant-defendant Calumet Marine Towing Corporation.

William Brooks, Brooks Liquid Transport, Inc., Houston, Tex., for Brooks Liquid Transport, Inc.

Coghlan, McGloon, Joyce & Murphy, Chicago, Ill., for respondent Edward H. Barnaby.

MEMORANDUM AND ORDER ON DEFENDANT CALUMET'S MOTION FOR SUMMARY JUDGMENT

ROBSON, District Judge.

Defendant Calumet Marine Towing Corporation has moved for summary judgment. For the reasons set forth below, this court is of the opinion that the motion should be granted.

The plaintiffs are in the business of supplying vessels with fuel oil, groceries, etc., in or near the Memphis, Tennessee, area. They sold many items on credit to the motor vessel Linda Brooks during the period from 1963 to 1966. This ship was then owned by the defendant, Brooks Liquid Transport, Inc. The last purchase was made on June 9, 1966. At that time, a balance of $5,076.18 was due and owing the plaintiffs from defendant Brooks. Statements were sent in July and August, 1966; a letter was sent to Brooks requesting payment on August 9, 1966; and several telephone calls to Brooks had been made up to and including January 24, 1967. All of these attempts to secure payment failed. The plaintiffs had the opportunity to seize the M/V Linda Brooks on November 14, 1966, November 27, 1966, and January 14, 1967, when the vessel passed Memphis, Tennessee. On the first occasion, the plaintiffs sold supplies to this ship on a C.O.D. basis, even though the account was then over five months overdue.

The defendant Calumet began negotiations to purchase the M/V Linda Brooks in December, 1966. On January 17, 1967, defendant Calumet sent a request to Rivermen Associated, a non-profit credit association, for any claims or liens against the M/V Linda Brooks. On January 20, 1967, Rivermen Associated sent notices to all its members, including plaintiffs, asking them to "advise if you have any outstanding debts on this boat or owner." Exhibit B, Motion for Summary Judgment. The plaintiffs, through their vice president, Robert Luttrell, admitted receiving the notice, although Mr. Luttrell himself did not see it until sometime in March, 1967. Luttrell Deposition, at 41. On January 27, 1967, Rivermen Associated notified the defendant Calumet that there were three claims outstanding, totaling approximately $5,500. The claimants were located in Chicago, Houston, and St. Louis. On February 3, 1967, the defendant Calumet made a check of the Abstract of Title of the M/V Linda Brooks at the United States Custom House in Chicago, and found no liens except a preferred mortgage which was released the same day. The sale was consummated on February 3, 1967, and a fund of $6,500 was set aside for the satisfaction of claims. Between February 20 and February 24, 1967, defendant Calumet published daily notice of a change of vessel from the M/V Linda Brooks to the M/V Eddie B. The $6,500 fund was available at this time. The first time the defendant Calumet received notice of plaintiffs' claims was on April 21, 1967, when plaintiffs' Houston attorneys called defendant Calumet's attorney. This suit was filed on July 20, 1967. A default judgment in the amount of $3,993 was entered against defendant Brooks on June 5, 1968. This judgment is apparently still unsatisfied.

■ The question that this court has before it is whether upon these undisputed facts the plaintiffs were guilty of laches. In cases involving maritime liens on a vessel sold to a purchaser for value, a high degree of diligence is required in enforcing these liens. The Everosa, 93 F.2d 732, 735 (1st Cir. 1937); Merchants & Marine Bank v. The Fishing Vessel T. E. Welles, 289 F.2d 188, 190 (5th Cir. 1961), and cases cited therein. Although this court is not bound by any state statute of limitations, the fact that a state statute bars the cause of action can be considered when the equitable defense of laches is asserted. Phelps v. The Cecelia Ann, 199 F.2d 627, 628 (4th Cir. 1952). The transactions giving rise to this cause of action occurred in Memphis, Tennessee, and there is no question that Tennessee law and not Illinois law would apply. Cf. Ill.Rev.Stat.1967, ch. 83, § 21. Tennessee gives lienholders three months to execute on their claim, after which time the lien expires. Tennessee Code § 64–1904. Since the last sale took place on June 9, 1966, Tennessee law barred the claim as of September 10, 1966.

■■ Another factor that this court may consider in determining whether there was laches is the fact that the

plaintiffs did not file a notice of their claim in the port of documentation (Chicago) as set forth in 46 U.S.C. § 921 et seq. In addition, the plaintiffs disregarded a notice from Rivermen Associated, and also missed three opportunities to arrest the vessel, even though they knew that defendant Brooks was several months in default. To hold the purchaser under these circumstances would, in this court's opinion, be inequitable. The plaintiffs, therefore, were guilty of laches.

It is therefore ordered that defendant Calumet Marine Towing Corporation's motion for summary judgment be, and it is hereby granted, with costs.